## DANA HEATH *vs.* MOSES WITHINGTON.

A power of appointment in writing, reserved to a married woman before marriage, may be exercised by means of an instrument purporting to be her last will, and duly executed as such, although the same is void as a will under the provisions of *St.* 1842, *c.* 74, and although it purports to dispose of property not embraced within the power of appointment.

Where a power of appointment in writing reserved to a married woman is exercised by means of an instrument purporting to be her last will, the same is to be proved and allowed as a will by the court of probate; and if such instrument contains a disposition of other property in reference to which it is inoperative, the probate thereof is to be special, limiting its operation to the property embraced in the power.

THIS was an appeal from a decree of the judge of probate for this county, approving and allowing an instrument purporting to be the last will and testament of Julia Ann Heath, wife of the appellant. The case was submitted to the court upon an agreed statement of facts.

By an indenture of three parts, between the appellant, of the first part, Julia Ann Fobes, of the second part, and the appellee of the third, executed on the 2d of November, 1842, — reciting that a marriage had been agreed upon to be solemnized between the parties of the first and second part, the latter of whom was possessed of certain choses in action, consisting of a mortgage and promissory notes described in a schedule annexed, which were to be conveyed and settled upon certain trusts and for certain purposes mentioned in the indenture, without any right, title, or interest thereto either in law or equity, on the part of the intended husband, in case the marriage should take effect, — the party of the second part granted, bargained, sold, assigned, and set over the said choses in action to the party of the third part, his executors, administrators, and assigns, to be held by him and them upon certain trusts and to the intent and purposes mentioned in the indenture; and upon and immediately after the decease of the party of the second part, in case the trust should so long continue, to assign, transfer, and pay over whatever of the trust property should then remain in his hands, or be under his control, "to such person or persons as she shall in writing appoint to receive the same, and in default of such appointment then to her next of kin."

42 *

The ·appellant covenanted with the trustee, that after the marriage should have taken effect, the party of the second part should continue to have the free use and enjoyment of the trust property, without any interruption by him; and the trustee also covenanted with the other parties to the indenture, for the faithful performance of the duties undertaken by him.

The intended marriage took effect and the wife subsequently deceased, leaving an instrument purporting to be a will dated on the 31st of October, 1848. This instrument is entitled, " The last will and testament of Julia Ann Heath, wife of Dana Heath " &c., and was signed and sealed by the testatrix, in the presence of three subscribing witnesses, who attested the same in her presence, and in the presence of one another, in the usual form.

The first four paragraphs were as follows: —

" I, the said Julia Ann Heath, being of sound mind but of feeble health, and being desirous of making a final disposition of the property now held by Moses Withington, in trust for me, under an indenture, between my said husband Dana Heath, myself, and said Withington, dated the twenty-second day of November, in the year of our Lord eighteen hundred and forty-one; do, pursuant to the true intent and meaning of said indenture, make the following appointment of and concerning the said property now holden in trust by said Withington as aforesaid, in this my last will and testament, hereby revoking all former wills and appointments by me made.

" I do nominate and appoint Moses Withington of Brookline, in the county of Norfolk, and commonwealth aforesaid, as sole executor of this my last will and testament.

" I do give and bequeath unto the said Moses Withington my pianoforte and music stool, as a token of my regard and esteem.

" In regard to the property now held in trust for my benefit under said indenture, by said Withington, I do hereby give, grant, convey, set over, and bequeath the same unto the said Moses Withington, his executors, administrators, and assigns, but nevertheless upon the trusts and to the intents and purposes hereinafter ex-pressed of and concerning the same."

The testatrix then proceeds to specify the various trusts and purposes, upon which the property in question was to be held by her executor.

This instrument having been duly approved and allowed as the last will of Julia Ann Heath, wife of Dana Heath, the husband appealed from the decree allowing the same, for the following reasons:— 1st. That the testatrix, at the time of

the making of the instrument in question, being the lawful wife of the appellant, the same was invalid, because it affected the rights and interest of the appellant, who, being of sound mind and competent to act, had not given his assent thereto in writing and indorsed thereon. 2d. That the testatrix, at the time of making her will, was not of sane mind, and competent to make such an instrument. 3d. That the testatrix was unduly influenced to make the same.

It was agreed, that if the instrument in question should be determined by the court to be valid as a will, or as an appointment under the provision contained in the indenture above recited, provided she was of sane mind and competent to act, and was not unduly influenced to make such instrument, the second and third reasons of appeal should be tried by the court or by a jury, as the court should determine; but if the court should be of opinion, that the instrument was invalid as a will, or as an appointment, then they were to make such order or decree as they should judge conformable to law and the rights of the parties.

*F. W. Dickinson,* for the appellant, contended that this instrument, intended by Mrs. Heath to take effect after her decease, was a will, and that not being a valid will under *St.* 1842, *c.* 74, it was utterly void; and he cited Sugden on Powers, (1st Am. Ed.) 233, 329; *Picquet* v. *Swan,* 1 Mason, 443, 461; 2 Roper on Husb. & Wife, 192; *Laughton* v. *Atkins,* 1 Pick. 535; 1 Jarm. Wills, 35; *Stevens* v. *Bagwell,* 15 Ves. 139; *Reid* v. *Borland,* 14 Mass. 208.

*J. J. Clarke,* for the appellee.

METCALF, J. In the indenture executed before the marriage of the appellant and his late wife, it was stipulated by the trustee therein named, that he would, upon her decease, assign, transfer, and pay over, whatever of the trust property should remain in his hands or under his control, to such person or persons as she should in writing appoint to receive the same. She made an appointment in writing, according to the terms of the indenture. And the appointment is not the less valid by reason of its being also under seal and in the form of a last will. 2 Roper on Husb. & Wife, 191, 192.

The validity of a power of appointment in a married woman, reserved by her or conferred on her, before marriage, with the assent of her husband, has been recognized and adjudged in this commonwealth. And it is also well settled, that when the power is exercised by a testamentary paper, such paper should be approved and allowed as such by the court of probate. *Stone* v. *Forsyth*, 2 Doug. 707; *Newburyport Bank* v. *Stone*, 13 Pick. 423; *Osgood* v. *Breed*, 12 Mass. 525; 4 Burn's Eccl. Law, (9th ed.) 65.

The objection made by the appellant to the probate of the instrument now in question is, that it is a will, and therefore void, by *St.* 1842, *c.* 74, which prescribes the conditions on which alone the wills of married women may be validly made; those conditions not having been complied with in this case. The answer to this objection is, that the instrument before us is not to have the effect of a will, but is an appointment in writing, to guide the conduct of the trustee. Its effect, if proved and allowed, is not that of a will in common cases. The appointees will take, not as legatees of Mrs. Heath, but as grantees or donees of the trustee in whom the property was vested by the indenture.

The *St.* of 1842, *c.* 74, enables a married woman to dispose of her separate property by will, on condition (among other things) that her husband shall give his written assent thereto, and indorsed thereon. Instruments executed conformably to the provisions of this statute will have the effect of other wills; and the legatees or devisees under them will derive title immediately from the testators. But the statute has not taken away the power which married women before had to dispose of their property, with their husbands' consent, by an appointment in the nature of a testamentary disposition. It has merely conferred an additional power.

We are therefore of opinion that the instrument in question was rightly admitted to probate. But as it purports to direct the disposition of some property of which the deceased had no legal power of disposition, without the consent of her husband, the decree, if the other objections to the instrument are ultimately overruled, will need to be reformed, so as to confine

the operation of the instrument to the property, which was conveyed to the trustee by the indenture, or was in his hands or under his control at the time of Mrs. Heath's decease. Such a special probate is allowable and proper; as was decided in *Deane* v. *Littlefield*, 1 Pick. 239. In the case of *Temple* v. *Walker*, 3 Phillim. 400, Mr. Justice Bay'ey said, "When a will is made by a feme covert, under a power, the usual course is to give a probate limited according to the power."

After the foregoing opinion was delivered, the appellant waived his rights to be heard as to Mrs. Heath's sanity, and as to undue influence exerted upon her, and thereupon a decree was entered "that the instrument offered as the last will and testament of Julia Ann Heath be approved and allowed, and have full power and effect as such touching all the property and rights of property, which by law or equity were or might have been subject to her disposal by way of appointment, creation, or declaration of trust, or otherwise, under or by virtue of the antenuptial contract or settlement, which forms a part of the agreed statement of facts in this case;" and the case was remitted to the probate court for further proceedings.