AT THE

## OCTOBER SESSION, 1867, IN BOSTON.

———

PRESENT :

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,  } Justices.
Hon. DWIGHT FOSTER,
Hon. JOHN WELLS,

———

## BARNSTABLE COUNTY.

JOANNA G. FEARING, administratrix, petitioner, *vs.* WILLIAM
SWIFT, appellant.

In the first clause of a will the testatrix directed that her debts should be paid out of her
"real estate given to F. and S. during his life;" in the second clause she devised, with-
out words of inheritance, certain real estate "to F. and S., to have and to hold equally;"
in the fourth clause she gave certain legacies, to be "paid out of" the real estate thus
devised; and finally she made F. her residuary devisee. *Held*, that F. and S. took a life
estate in the real estate devised in the second clause; and that the debts of the testatrix
and the said legacies were chargeable thereon.

APPEAL from a decree of the probate court licensing the ap-
pellee, on her petition, as administratrix *de bonis non* with the
will annexed of Katy T. Swift, to sell part of the " homestead "
of the deceased to pay debts and funeral expenses, and four
legacies, of twenty dollars each, due under the fourth clause of
the will.

The question whether this decree was in conformity with the true construction of the will, was reserved by *Gray*, J., for determination by the full court; and the only clauses of the will affecting it were as follows :

First clause. " It is my will that all my just debts and funeral charges be paid out of my real estate given to my sister and William Swift during his life."

Second clause. " I give and bequeath to my sister Joanna G. Fearing, wife of Benj. Fearing, and to William Swift, the homestead and buildings thereon, to have and to hold equally the lower side of the road."

Fourth clause. " I give to Eliza Ellis, Abigail Swift, Maria Benson, and Delia Keith, the sum of twenty dollars each, paid out of the homestead. It is my will that my executrix pay out of my personal property the legacies I shall hereafter name."

Eleventh clause. " It is my will that my sister Joanna G. Fearing, to have all the remainder of my personal property and real estate not before disposed of, being whatever name or nature."

It appeared by the facts, which were agreed by the parties, that there was personal estate in the hands of the administratrix, and applicable towards payment of the charges named, if the construction adopted by the probate court was erroneous.

*G. Marston & G. A. King*, for the appellant.

The second clause gives a fee to Mrs. Fearing and William Swift, 1. by force of the Gen. Sts. *c.* 92, § 5; 2. because the word homestead is equivalent to homestead " estate " or " property;" 2 Redfield on Wills, 709, 713; 3. because the intent of the testatrix that Mrs. Fearing should take a fee under the second clause is indicated by the residuary devise to her in the eleventh clause; 4. because in the fourth clause there is a charge upon the devise; *Frogmorton* v. *Holyday*, 3 Burr. 1618; *Doe* v. *Richards*, 3 T. R. 356; *Packard* v. *Packard*, 16 Pick. 193. The first clause cannot refer to the second, because that gives a fee, or, if not a fee, it gives at least an estate for the life of each devisee, and not for that of Swift alone. *Right* v *Compton*, 9 East, 272. *Goodright* v. *Barron*, 11 East, 223.

*S. Miller & E. Ames*, for the petitioner.

CHAPMAN, J.   The petitioner, who is administratrix with the will annexed of Katy T. Swift, asks leave to sell certain real estate for the payment of debts and funeral expenses, on the ground that these debts and expenses were, by the terms of the will, made chargeable upon the real estate.   The appellant resists the partition on the ground that they are not made thus chargeable.

The decision of the question between the parties depends upon the language of the will.   And the question what language shall be sufficient to charge pecuniary legacies upon real estate, must depend upon intent.   2 Redfield on Wills, 821.   It must be the same as to debts and funeral expenses.

The first clause of the will is as follows : " It is my will that all my just debts and funeral charges be paid out of my real estate given to my sister and William Swift during his life." No language could make the intent plainer, that the debts and funeral charges were to be charged upon this estate.   But we must ascertain from other parts of the will what this real estate is.

The second clause is, " I give and bequeath to my sister Joanna G. Fearing, and to William Swift, the homestead and buildings thereon, to have and to hold equally the lower side of the road."   Here, then, is a devise of real estate to the two persons mentioned in the first clause, and it is without words of inheritance.   The word " homestead " is evidently used to designate the boundaries of the land, and not the quality of the estate given.   It may be explained by the first clause ; and, thus explained, it is an estate for life.   It is not a case therefore in which we have to resort to the rule of construction presented by Gen. Sts. *c.* 92, § 5.

But, by the fourth clause, the homestead is charged with four pecuniary legacies of twenty dollars each, and it is contended that such a charge creates a fee, and therefore that this cannot be the property referred to in the first clause.

In the cases relied upon to support this view, the fact that the land was charged with a legacy was held to be merely an

indication of the intent of the testator to give a fee, and it was not laid down as an inflexible rule of construction. *Frogmorton* v. *Holyday*, 3 Burr. 1618. *Doe* v. *Richards*, 3 T. R. 356. In both cases the court sought to ascertain the intent of the testator; and in many cases it is in fact true that such a charge is a reasonably clear indication that he intended to give a fee. But he has a right to make these charges upon a life estate if he will; and when his language, fairly interpreted, indicates such an intention, it would be absurd for courts to set up a rule of construction that would defeat his intent. No case has been cited where such a rule has been adopted.

The fourth clause contains further words which throw light upon the intent of the testator. It gives several legacies, with an express direction that they shall be paid out of the personal estate. This, taken in connection with former clauses, indicates that the testator gave careful attention to the question what fund should be chargeable with legacies, debts and funeral expenses. We cannot think there is any reasonable doubt as to what the testator intended by these provisions.

*Decree affirmed.*