ROBERT L. FRAMPTON, administrator, *vs.* ANDREAS BLUME, administrator.

Suffolk.    March 15. — July 1, 1880.    ENDICOTT & SOULE, JJ., absent.

A testatrix, whose property consisted principally of land, devised to one of her three daughters, " her heirs and assigns," one third of the residue of her estate, " provided, however, that there shall be set apart from her share " a certain legacy to each of her children, to be kept at interest " until the youngest child becomes twenty-one years of age, the interest meanwhile to be paid to said legatees specifically." The will contained similar provisions for the other daughters and their children. *Held,* that the legacies to the grandchildren were a charge upon each parent's share; and that an action would not lie against the executor therefor.

CONTRACT, by the administrator of the estate of Adelaide Frampton against the administrator *de bonis non* with the will annexed of Ruth Bates, for the amount of a legacy bequeathed to the plaintiff's intestate by said will. Writ dated June 16, 1879. The case was submitted to the Superior Court on the following agreed facts:

Ruth Bates died on May 15, 1869, leaving a will dated November 22, 1864, which was duly admitted to probate, and contained the following provisions:

" First. It is my will that all my just debts be paid as soon as may be after my decease.

" Second. To my beloved daughter, Ellen P. Noble, the wife of William Oscar Noble, I bequeath a legacy of one thousand dollars.

" Third. I give, bequeath, and devise to my said daughter, Ellen P. Noble, one third part of all of the rest and residue of my estate, real and personal, to hold to her for her sole and separate use, and free from the interference or control of her husband, her heirs and assigns forever.

" Fourth. I give, bequeath and devise to my beloved daughter, Elizabeth A. Greenleaf, the wife of Laban Greenleaf, one third part of all said rest and residue of my estate, real and personal, to hold to her for her sole and separate use, and free from the interference or control of her husband, her heirs and assigns forever; provided, however, that there shall be set apart from her share a legacy of five hundred dollars for each of her

children, Adelaide, Joseph Edward and Samuel C., the same to be kept at interest until the youngest child becomes twenty-one years of age, the interest meanwhile to be paid over to said legatees respectively.

"Fifth. I give, bequeath and devise to my beloved son, Calvin W. Bates, one third part of all said rest and residue of my estate, real and personal; provided, however, that from his share five hundred dollars shall be paid to my daughter Elizabeth, two thousand dollars shall be disposed of with the residue of my estate, and a legacy of five hundred dollars shall be set apart for · each of his children, Joel Gibson and Arthur, said legacies to said children to be kept at interest until the youngest child becomes twenty-one years of age, the interest meanwhile to be paid over to said Joel Gibson and Arthur respectively."

On September 2, 1867, the testatrix made a codicil to her will, which was also admitted to probate, and contained the following provisions:

"I direct that there be paid out of the share of property which I have given to my daughter, Ellen P. Noble, a legacy of five hundred dollars to her son, Ivory B. Noble; and if she should have any other children living at my decease, I bequeath to each of them a like legacy, to be also taken from my said daughter's share, such legacies to be kept at interest until the youngest child becomes twenty-one years of age, the interest meanwhile to be paid to said legatees respectively.

"It is my will that the legacy of five hundred dollars, which I have by my will directed to be paid to my daughter Elizabeth from the share of my son Calvin, be paid from the residue of my estate, and not from said Calvin's share."

All the persons named in the will were living at the death of the testatrix. The defendant was duly appointed, on September 6, 1869, administrator *de bonis non* with the will annexed of Ruth Bates, and filed a bond, with sureties. The defendant also filed, on November 27, 1869, an inventory of the estate, by which it appeared that the personal property consisted of shares of bank stock appraised at $292, and that the real estate was appraised at $30,000, less $2000 mortgage on the real estate.

The defendant filed no account of his administration until March 17, 1879, when he filed an account setting forth that no

property had been received other than that stated in the inventory, except the income hereinafter mentioned, and that no division of the estate had ever been made; but that since the death of the testatrix, Ellen P. Noble, Elizabeth A. Greenleaf and Calvin W. Bates had, with the consent and approval of the defendant, taken the income from the bank stock and the real estate in equal shares as heirs at law, and had paid the funeral expenses and the taxes and other expenses pertaining to the real estate, and that Calvin W. Bates had furnished the money to pay the interest due on said mortgage of $2000, the principal of which appeared still to be unpaid.

None of the legacies named in said will have been paid or discharged, and no fund had been provided or set apart from other property belonging to the estate for the payment of said legacies.

The plaintiff was duly appointed administrator of the estate of Adelaide Frampton, formerly Adelaide Rodgers, who died on November 29, 1878, and the plaintiff's intestate was the person named in the will as "Adelaide," and she was the daughter of Elizabeth A. Greenleaf. Samuel C. Rodgers was the youngest child of Elizabeth, and was the person named in the will, and became twenty-one years of age on January 21, 1879; and thereafter, and previous to the beginning of this suit, a demand for the legacy with interest thereon was duly made by the plaintiff upon the defendant.

The Superior Court ordered judgment for the defendant; and the plaintiff appealed to this court.

*F. D. Ely*, for the plaintiff.

, *J. Willard*, for the defendant.

MORTON, J. The first question which arises is whether the · legacy of $500 given to Adelaide by the fourth article of the will was a general legacy, to be paid by the executor, or a legacy charged upon the estate of Mrs. Greenleaf, to be paid by her.

The will contains similar provisions in favor of the other children of the testatrix, a son and daughter, and of their children respectively. No one can doubt the purpose of the testatrix that the legacy to each grandchild should be paid out of the third part of the residue set apart for its parent, and not out of the general residue of the estate before a division.

The plaintiff contends that the intention of the testatrix was, that, after the payment of the debts and the legacies to her two daughters, the residue of the estate should be divided into three parts, for the benefit of her three children respectively and their families; that, out of the part designed for each child, the executor should set apart and pay five hundred dollars to each of his or her children; and that the balance only of such third part was devised to such child.

On the other hand, the defendant contends that her intention was to devise the whole of each third part of the residue to her son or daughter, and to charge the estate devised and the devisee with the duty of setting apart and paying five hundred dollars to each of his or her children.

Looking at the whole of the will and codicil, the question is not entirely free from doubt, but we are of opinion that the latter is the more natural and reasonable construction.

The property of the testatrix consisted almost exclusively of real estate. She by direct and distinct language devises one third of the residue, after debts and legacies are paid, to each child, to be held in fee. So direct a devise ought not to be cut down, unless it is clear from the other parts of the will that it was her intention to give the devisee less than the residue devised. The language of the proviso, that "there shall be set apart from her share a legacy of five hundred dollars for each of her children," is appropriate to create a charge upon real estate to which the devisee is to take the title. The will makes no provision for the payment of these legacies by the executor, and the fact that they are given in a manner so different from the cash legacies to her daughters, Mrs. Noble and Mrs. Greenleaf, raises an implication that, according to her understanding, they were to be paid in a different manner. The fact also that there were no means by which the executor could pay these legacies, except by a sale of the real estate which she had in terms devised to her children, throws some light upon her probable intentions.

Upon a view of the whole will, we are of opinion that the intention of the testatrix was to devise the whole of the residue to her three children, in equal parts, and to charge each part devised and the devisee with the duty of paying the legacy to

each of his or her children, and not to create a liability on the part of the executors to pay such legacies. *Henry* v. *Barrett*, 6 Allen, 500. *Taft* v. *Morse*, 4 Met. 523. *Gardner* v. *Gardner*, 3 Mason, 178.

It follows that the plaintiff cannot maintain this action.

*Judgment affirmed.*