SUSAN C. VEEDER *vs.* OLIVE B. MEADER.

Nantucket.     October 25, 1892. — November 25, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Devise of Estate in Fee Simple.*

A testator by his will gave his wife his "dwelling-house on Orange Street, together with the furniture and all household articles contained therein, also the land under and adjoining the same, with full power    sell and execute a deed of the premises should she wish so to do"; and by a later clause gave to his wife the residue after the payment of legacies and debts, "to her sole use and benefit during her life," etc. The wife survived her husband. *Held*, on a writ of entry, that she took an estate in fee simple in the dwelling-house and adjoining land.

WRIT OF ENTRY, to recover an undivided fourth part of an estate in fee in " a dwelling-house, . . . also the land under and adjoining the same," as devised by the will of Edward C. Austin

of Nantucket. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, on agreed facts, in substance as follows.

The tenant set up title to the whole land in fee in herself, and claiming as heir at law of Phebe D. Austin, the widow of Edward C. Austin. The land was that devised under the first clause of the will, which was as follows: " I hereby give and bequeath to my beloved wife, Phebe D. Austin, my dwelling-house on Orange Street, together with the furniture, and all household articles contained therein; also the land under and adjoining the same, with full power    sell and execute a deed of the premises should she wish so to do." If by this clause Phebe D. Austin took a fee in the dwelling-house and land adjoining, the tenant was to prevail; if she took only a life estate, the demandant was to prevail.

The fifth clause of the will was as follows: " The residue of my estate, after the payment of these legacies and my just debts, I give and bequeath to my said wife, to her sole use and benefit during her life; at her decease, should any remain, the same shall be equally divided between said Susan C. Veeder and Susan Veeder Gammons on the one part, and the surviving brothers and sisters of Mrs. Phebe D. Austin on the other part. My wife to have her choice in the distribution of stocks and bonds."

The testator died on January 21, 1879, leaving his widow, Phebe D. Austin, who died on March 4, 1880. There was no issue of the marriage living at the time of the death of the testator. On the death of Phebe, the personal estate was divided according to the terms of the will.

The tenant who was in possession was a sister of Phebe D. Austin. The other brothers and sisters had theretofore conveyed all their interest in the estate to the tenant, including the land in question.

*J. Brown,* (*R. C. Brown* with him,) for the demandant.

*H. B. Worth,* for the tenant.

FIELD, C. J. The question in this case is, whether Phebe D. Austin, widow of Edward C. Austin, took a fee simple in his dwelling-house and adjoining land under the first article of his will, or only an estate for her life. It is apparent that the

person who wrote the will knew how to use apt words for the creation of a life estate, because the fifth clause begins as follows : " The residue of my estate, after the payment of these legacies and my just debts, I give and bequeath to my said wife, to her sole use and benefit during her life," etc. We think it equally plain that the testator did not have in mind, as included in this residue, an estate in remainder in his dwelling-house and adjoining land, after the death of his wife, because his wife could not possess and enjoy such an estate in remainder during her life. The words of the first clause are sufficient to give the wife an estate in fee, when it does not appear from the rest of the will that the testator intended to devise to other persons what remained of this estate on her decease. This distinguishes the present case from *Kent* v. *Morrison*, 153 Mass. 137.

Considering all the provisions of the will, we think that it appears that the testator intended to devise to his wife an estate in fee in the real property described in the first article of the will. See *Wait* v. *Belding*, 24 Pick. 129; *Gleason* v. *Fayerweather*, 4 Gray, 348; *Fearing* v. *Swift*, 97 Mass. 413, 415; *Cummings* v. *Shaw*, 108 Mass. 159; *Spooner* v. *Lovejoy*, 108 Mass. 529, 532; *Chase* v. *Ladd*, 153 Mass. 126; *Foster* v. *Smith*, 156 Mass. 379; Gen. Sts. c. 92, § 5.     *Judgment affirmed.*