WILLIAM E. LLOYD, administrator, *vs.* WILLIAM E. LLOYD,
executor, & others.

Middlesex.  December 12, 1898. — March 4, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Will — Intention of Testator not to die Intestate as to any Part of his Property.*

A testator who died in 1894 leaving a widow and three children, the latter of un-
sound mind, by will dated in 1875 appointed his wife executrix, gave each child
a small pecuniary legacy, and directed that his house and land should not be
sold during the natural life of his wife, but be held for herself and their chil-
dren. He also directed that no part of the real estate should be sold during the
life of his wife, unless found necessary for the support of his wife and family.
He further declared that, having confidence in his wife and knowing that she
would consider the welfare of their children, he gave her all his estate, both real
and personal, the income thereof to be expended for her own support and for
the maintenance of the home "for herself and our children during her natural
life." The widow, who died in 1897, the three children surviving her, by will
dated in 1896 gave all her property in trust, the net income to be used for the
support of the children, with remainder after the death of the last survivor to
the trustee in fee, etc. *Held,* that the testator intended to give his wife abso-
lutely the entire estate of which he died possessed, and that he did not intend to
die intestate as to any part of it, and did not do so.

PETITION to the ·Probate Court, by the administrator with the will annexed of George Stevens, for instructions as to the con‑ struction of the will. Hearing in this court before *Holmes, J.,* who reported the case for the consideration of the full court. The facts and the findings of the judge appear in the opinion.

*E. G. McInnes,* for the petitioner, read the papers in the case.

*C. A. Whittemore,* for the executor.

*H. P. Harriman & H. E. Perkins,* for the guardian of the heirs of the testator.

LATHROP, J. George Stevens died on August 14, 1894, leav‑ ing a widow and three children, the latter all being of unsound mind from their birth. By his will, dated October 6, 1875, he appointed his wife executrix, and left to each child one hun‑ dred dollars. By the second item of his will he directs that his house and land on a street named "shall not be sold or disposed of during the natural life of my said wife, but that said house shall be held and maintained by my said wife during her natural life as a home for herself and for our children aforesaid, that as far as possible my family may be kept together, and enjoy a common home. I hereby also direct that my property shall be kept in suitable repair, and shall be rented to the best advan‑ tage, and that no part of the real estate shall be sold during the life of my said wife, unless it is found actually necessary so to do for the use and support of my wife and family aforesaid."

The third item of the will is as follows: "Having full faith and confidence in my beloved wife, and knowing that she will wisely and prudently manage the affairs of the family and look after the welfare of our children, and, as a kind mother, do them each and all justice, I therefore hereby give and bequeath to my said wife Martha D. Stevens all my estate, real, personal, and mixed, of every name and description of which I may die seised, possessed, or to which I may be entitled at the time of my de‑ cease, the interest, rents, income, dividends, and profits thereof to be expended for her own use and support, and for the main‑ tenance and support of the home for herself and our children during her natural life."

The testator's widow ·died on March 19, 1897, leaving the three children surviving her. By her will, dated November 2, 1896, she devised and bequeathed all her property, real and per‑

sonal, after payment of her debts, to a trustee named, the net income to be used for the support and maintenance of her three children, with remainder, after the death of the last survivor, to the trustee in fee, or in case of his death before that of the last survivor of the three children, to the heirs of the trustee.

The petitioner is the administrator with the will annexed of the estate of George Stevens, and he represents that, after the settlement of the estate, there is in his hands the sum of over eleven thousand dollars, which is claimed by the testator's heirs, on the ground that Mrs. Stevens took only a life interest, under her husband's will, in the real and personal property left by the testator.

The single justice of this court, who heard the case and reported it for our consideration, ruled that the wife took an absolute interest in the property disposed of by the will, so that there was no intestacy ; and that, if there was any trust for the children, it was personal only, for their reasonable support during their lives, and would not prevent the fund being handed over to the executor of the widow, to whom it belonged subject to the supposed trust, and that therefore the question whether there was such a trust could not be decided in this suit.

It seems to us reasonably certain that, taking the whole will together, the testator intended to give to his wife absolutely the entire estate of which he died possessed, and that he did not intend to die intestate as to any part of it, and did not do so. The words used are apt to give an estate absolute in the personal property, and a fee in the real estate. While he attempted to couple the gift and devise with directions and instructions, we find nothing to show that his wife was to take only a life estate. *Joslin* v. *Rhoades,* 150 Mass. 301. *Veeder* v. *Meader,* 157 Mass. 413.

If these directions and instructions imposed any trust, they were limited to the life of the wife, and they have been performed and the trust fulfilled.

The question whether there is any precatory trust seems to us to be disposed of by the case of *Aldrich* v. *Aldrich,* 172 Mass. 101.

That case was a much stronger one than the present in favor of the existence of such a trust ; and it is clear that, if the words

there used did not amount to a precatory trust, those in the will before us cannot have that effect.

The statement of the testator of his full faith and confidence in his wife, and the words that follow, state the motive of the gift, and cannot be fairly construed to affect the absolute quality of the gift.

It follows that the petitioner should pay over the fund in his hands to the executor of the will of Mrs. Stevens.

*Decree accordingly.*