HERBERT W. TRAFTON, Appellant, In re Scates, Insolvent.

Aroostook.    Opinion January 31, 1901.

*Insolvency.    Appeal.    R. S., c. 70, §§ 12, 25.*

By R. S., c. 70, § 12, it is provided that "no appeal in insolvency lies in any case under this chapter unless specially provided for herein."

*Held;* that an attorney who rendered services to the assignee of an insolvent, and whose claim therefor has been denied by the court of insolvency, has no right of appeal from the decision of that court.

Nor is such claim a "debt, claim or demand" under § 25 of the insolvent law, existing at the time of the filing of the debtor's petition and provable against the insolvent's estate; but is an indebtedness incurred by the assignee in the liquidation of the affairs of the insolvent's estate.

ON REPORT.

The appellant, a member of the bar of Aroostook county, having been employed by the assignee, in insolvency of the estate of Eben E. Scates, presented to the judge of the court of insolvency a bill for services rendered by him in preparing for trial and trying a case against the estate of the said Eben E. Scates. This bill was disallowed by the judge of the court of insolvency, who indorsed on the petition for its allowance and payment from the funds of the estate his decision as follows:

"Within petition is denied and refused. The allowance of within bill of $50 being a matter of discretion, I therefore disallow the same."

The report did not disclose whether the services rendered were for the benefit of the insolvent personally, or to resist a claim against his estate.

The claimant thereupon took an appeal to this court.

*H. T. Powers,* for appellant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WHITEHOUSE, J.    The appellant, an attorney at law, was employed by the assignee in insolvency of Eben E. Scates, to defend

an action at law pending in the Supreme Court against the insolvent debtor. For the professional services rendered in pursuance of this employment, he presented a bill to the court of insolvency. The bill was disallowed by that court, and thereupon the appellant duly claimed an appeal to the Supreme Judicial Court. By agreement of the parties the case now comes on report to the law court, and the sole question for its determination is whether or not the appellant has the right to appeal from such a decree of the court of insolvency.

It is provided in section 12 of chapter 70, R. S., that "No appeal in insolvency lies in any case arising under this chapter unless specially provided for herein," and it is the opinion of the court that the attempted appeal in the case at bar is not one of those provided for by the insolvent law.

Section 25 of chapter 70 above named provides for an appeal to the Supreme Court from the decision of the judge of the insolvency court, "allowing or disallowing in whole or in part any debt, claim or demand against the debtor or his estate"; but the words "any debt, claim or demand," in this statute must be considered with reference to the specific meaning attached to each of the words "debt," "claim", or "demand" in the preceding instances in which they have been severally used in the same section of the statute, and thus interpreted in accordance with the rules suggested by the maxims, noscitur a sociis and ejusdem generis. Associated words are properly held to take their color from each other, the more general receiving a meaning analogous to the less general. Endlich on Inter. of Statutes, § 400. The first sentence of section 25 of the statute in question, provides that "all debts due and payable from the debtor at the time of the filing of the petition by or against him, and all debts then existing but not payable until a future day . . . . may be proved against the estate of the insolvent." And in every instance in which the word debt, claim or demand is employed in this section, prior to the last sentence, it is descriptive of a debt or claim existing at the time of the filing of the petition, and provable against the estate of the insolvent.

The claim of the appellant, in this case, was not a debt existing

at the time of the filing of the insolvent's petition and was not provable against his estate. It was an indebtedness incurred by the assignee in the liquidation of the affairs of the insolvent estate.

If otherwise justified, it would have been an appropriate charge in the assignee's account rendered to the court of insolvency; and if not allowed by that court, the assignee might have been personally liable to the counsel employed. In this respect he occupies a position similar to that of executors and administrators, who are allowed in their accounts a reasonable sum expended for professional aid where legal counsel appears to have been necessary to protect the interests of the estate. Such an allowance to executors is expressly authorized ·by statute in this state, but the practice is equally well established by the decisions of the courts in the absence of any statute. *Forward* v. *Forward*, 6 Allen, 497.

In the case at bar the appellant's claim for professional services does not appear to have been stated in the assignee's account, but was presented to the court in a separate petition. This petition was "denied and refused," and the claim "disallowed" by the judge of the court of insolvency. From such a decision no appeal is given by the statute.

The entry must therefore be,

*Appeal dismissed.*