FANNIE E. WOODS, executrix, *vs.* JOHN E. GILSON & others.

Middlesex.    December 7, 1900. — April 8, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

A will contained the following provision: "I give and bequeath to my beloved
wife E. G. the interest at four per cent of two thousand dollars during her nat-
ural life at her decease to be paid to my daughter F. W." The testator's wife
survived him and died four months later. *Held,* that the wife's estate was en-
titled to receive the interest of $2,000 at four per cent from the death of the
testator, that the intention of the testator was to create an annuity of $80 a
year, and the wife's executors were entitled under Pub. Sts. c. 136, §§ 24, 25, to
a part proportional to the time that she lived.

A will contained the following provision: "I give and bequeath to my daughter
L. D. wife of W. D. the interest at five per cent of two thousand dollars during
her natural life also one thousand dollars to be paid to her as her necessities may
demand at her decease said amount to be equally divided among her children
then living." *Held,* that the testator's daughter L. D. was entitled to an annuity
of $100 a year during her life, and, in addition, that the sum of $1,000 was to be
paid her from time to time as her necessities might require, that the last named
sum was to be held in trust by the executor who was made trustee under the
will, and that he was to judge of the necessities, subject to the rule that his dis-
cretion should be exercised fairly. Whether the words "said amount" in the
gift over to the children of L. D. apply to the $2,000 or only to such part of the
sum of $1,000 as may remain at the death of L. D., will not be considered under
a bill for instructions until the contingency occurs.

A will contained the following provision: "I give bequeath and devise to my
daughter F. W. wife of A. W. my home place and my meadow lot bought of
J. P. after paying the legacy given in article second of this will to my daughter
L. D. and also the interest to be paid to my wife mentioned in article first in this
will." The testator had nine children. Other clauses of the will gave specific
bequests and legacies to his sons and daughters, and the residue of his estate
was to be equally divided between one of his sons and his daughter F. W. named
above. The legacies provided by the second and first articles were life annui-
ties respectively of $100 and $80 a year. The assets of the estate were more
than sufficient to pay these legacies without resorting to the real estate named.
*Held,* that the annuities were charges upon the home place and meadow lot de-
vised to F. W. who was to take these parcels "after paying" these legacies.

A testator gave to his daughter M. S. a mortgage and note on a certain farm, called
the Fletcher Farm, for $2,500 and by another clause of his will gave the use and
income of the Fletcher Farm above the mortgage given to his daughter, to his
son, J. G. for life, with remainder to his children living at his decease. This
mortgage and note were executed by the testator eight years before his death.
The daughter was named in the mortgage as mortgagee and the note was pay-
able to her. The testator after executing these papers had left them in the
custody of a justice of the peace who drew them. Later he visited the justice
and caused to be written upon the note the words "No interest to be paid until
after my decease." After the testator's death the note and mortgage were found

in the possession of the justice. He gave them to the executor who delivered them to M. S. who had the mortgage recorded, knowing the facts above stated. *Held*, that the note and mortgage were not enforceable because without consideration and not delivered in the lifetime of the testator, but that the testator's bequest of his own invalid note was in effect a pecuniary legacy of the amount of the note, and that this amount was a charge upon the Fletcher Farm; therefore, that J. G. took the farm for life with remainder to his children, subject to a charge of the payment of $2,500 to M. S.

A testator left to his wife "the interest at four per cent of two thousand dollars during her natural life at her decease to be paid to my daughter F. W." By another clause of his will he gave his daughter F. W. a certain parcel of land charged with the payment of the above named annuity to his wife. The wife survived him and died. *Held*, that F. W. was not entitled to anything under the first bequest, except to have her land exonerated from the charge imposed upon it in favor of the testator's widow, on paying the money found due to the widow's estate.

BILL IN EQUITY by the executrix of the will of John M. E. Gilson, late of Groton, for instructions, filed August 29, 1899.

The bill alleged, that John M. E. Gilson died on April 28, 1898, leaving a will dated February 5, 1895, which will was duly proved and allowed June 7, 1898; that by the will the testator appointed the plaintiff executrix in the following terms: "I do hereby nominate and appoint my daughter Fanny E. Woods to be executor of this my last will and testament and to hold in trust the amounts mentioned in one and two of this will for the benefit of my wife and daughter Lillian Drake and I authorize and empower her to sell and convey all my real estate"; that the plaintiff was appointed executrix of the will by the Probate Court and duly qualified as such; that the deceased left at the time of his death as his only heirs at law and next of kin the persons whose names and relationship are as follows: Lillian Drake, Mary E. Sears, Lucy E. Hynes, Fannie E. Woods, John E. Gilson, F. Earland Gilson, William M. Gilson and George H. Gilson, all children of the testator; that the widow, Elizabeth A. Gilson, wife of John M. E. Gilson, survived him and died August 9, 1898, leaving a will, and that her executors are named as defendants, and that, the children of the testator's son John E. Gilson are named as defendants, also the children of the testator's daughter Lillian Drake;

That the testator by the first clause of his will provided as follows: "I give and bequeath to my beloved wife Elizabeth A. Gilson the interest at four per cent of two thousand dollars

during her natural life at her decease to be paid to my daughter Fannie E. Woods";

. That the testator by the second clause of his will provided as follows: " I give and bequeath to my daughter Lillian Drake wife of Willie Drake of Fitchburg the interest at five per cent of two thousand dollars during her natural life also one thousand dollars to be paid to her as her necessities may demand at her decease said amount to be equally divided among her children then living";

That the testator by the third clause of his will provided as follows: " I give and bequeath to my daughter Mary E. Sears wife of Philander Sears a mortgage and note on my Fletcher Farm for twenty-five hundred dollars"; that the testator at the time of his death and for many years before was seised in fee of a certain farm known as the Fletcher Farm, in Groton, the value of which, according to the inventory on file in the Probate Court is $3,200; that on June 30, 1890, the testator made a mortgage and note for $2,500 on the Fletcher Farm; that at the time the mortgage and note were executed they were left in the possession of the justice of the peace who drew them; that after the execution of the note and mortgage the testator visited the justice who had custody of the note and mortgage and caused to be written upon the mortgage note the following words: " No interest to be paid until after my decease"; that after the decease of the testator the note and mortgage were found in the possession of the justice who drew them and came into the possession of the plaintiff as executrix; that on June 25, 1898, the plaintiff delivered the note and mortgage to Mary E. Sears, and took from her a receipt; that thereafter Mary E. Sears caused the mortgage to be recorded; and that Mary E. Sears asserts that by the delivery to her of the mortgage and note she has a valid mortgage and note in accordance with the terms of those instruments; and she further asserts that, in case the mortgage and note are not valid in accordance with their terms, she has a valid claim as legatee for the sum of $2,500 and interest to be paid by the executrix and to be charged upon the Fletcher Farm;

That the testator by the fifth clause of his will provided as follows: " I give and bequeath and devise to my son John E.

Gilson the use and income of my Fletcher Farm above the mortgage given to my daughter Mary E. Sears during his natural life at his death to be equally divided among his children then living";

That the testator by the ninth clause of his will provided as follows: "I give bequeath and devise to my daughter Fanny E. Woods wife of Augustus Woods my home place and my meadow lot bought of Jane Pollard after paying the legacy given in article second of this will to my daughter Lillian Drake and also the interest to be paid to my wife mentioned in article first in this will"; that at the time of his decease and for many years before the testator was and had been seised in fee of the real estate mentioned in clause nine of the will, known as the home place and meadow lot ; that it is a farm of about forty acres situated in Groton, and its appraised value, according to the inventory now on file in the probate court, is $4,800 ;

That the testator by the tenth clause of his will provided as follows: "I give bequeath and devise all the rest and residue of my real and personal estate of every kind and description to be equally divided to my son Earland F. Gilson * and my daughter Fannie E. Woods wife of Augustus Woods";

That the personal estate of the testator according to the inventory is $18,593.38, and the real estate $11,415, making a total of $30,008.38.

The prayers for instructions were as follows:

"1. And the plaintiff prays to be instructed under clause one of said will what amount shall be paid, if any, to the executors of the will of Elizabeth A. Gilson; whether or not said amount shall be chargeable upon the real estate mentioned in clause nine; what sum of money is to be paid to the plaintiff under clause one; shall the same be paid from the residuary fund, or however else shall the same be paid?

"2. Under clause two shall a trust fund be created, and for how much? Who shall hold the same? Shall said trust fund be set apart from the residue of the estate, or how shall the same be raised? Who is to be judge of the necessities mentioned as a condition precedent to the payment of one thousand dollars therein named? What sum of money is to be paid to Lillian Drake when her necessities demand such payment, if

---

* *Semble* the same person as F. Earland Gilson.

ever, and until her necessities demand payment what shall be done with the trust fund, principal and interest, and how shall the same be raised?

" 3. Under clause three whether the gift of a mortgage of twenty-five hundred dollars and the circumstances attending the same create a valid mortgage according to the language of the testator? Or whether the plaintiff shall pay to said Mary E. Sears twenty-five hundred dollars or any sum whatever? Is said mortgage or said sum of twenty-five hundred dollars chargeable upon the Fletcher Farm mentioned in clause five?

" 4. Under clause five whether or not the mortgage given by clause three of said will is a valid encumbrance upon the property given to John E. Gilson by clause five? If it is, what is the legacy to John E. Gilson? If the court should decide that it is not, shall your petitioner sell said real estate and pay any sum or sums to Mary E. Sears, and pay any sum said farm might bring above said legacy to said John E. Gilson?

" 5. Under clause nine, if the one thousand dollars mentioned in clause two should become payable, whether the same should be payable from the real estate mentioned in clause nine, or shall the same be paid from the residuary fund? How much and what parts (if any) of the bequests mentioned in clause two are chargeable upon the real estate bequeathed to the plaintiff under clause nine? Shall said bequests be paid from the residuary fund, or however else shall the same be paid?

" And the plaintiff further prays for such instructions as will enable her to execute the trust reposed in her by the eleventh clause of said will in a legal manner."

In addition to the facts stated in the plaintiff's bill which were admitted in the several answers, the following facts were agreed:

Subsequently to the testator's death and before the time when Mary E. Sears received the note and mortgage on the Fletcher Farm, she received a copy of the note and mortgage, and at the time of receiving the note and mortgage was informed that they had been in the custody of the justice of the peace who drew them, and had been by him delivered to the plaintiff; and that the will had been duly probated.

The case came on to be heard before *Holmes,* C. J., who at the request of all the parties reserved it for the consideration of the full court.

*S. K. Hamilton & T. Eaton*, for the plaintiff.

*J. S. Patton*, for John E. Gilson.

*C. F. Worcester & F. A. Fisher*, for F. Earland Gilson.

*G. A. Sanderson*, for Mary E. Sears and Lillian Drake.

*J. T. Joslin*, guardian *ad litem*, for the minor children of Lillian Drake.

LATHROP, J. 1. The questions which first arise in this case are the amount payable to the executors of the will of Mrs. Gilson, under the first clause of the will, how this is to be paid, and whether it is a charge upon the real estate mentioned in the ninth clause of the will.

It is clear that under the first clause the executors of Mrs. Gilson's estate are entitled to receive the interest of $2,000, at four per cent, from the death of the testator, April 28, 1898, down to the death of Mrs. Gilson on August 9, 1898. The intention of the testator was to create an annuity of $80 a year, and the executors of the will of his wife are entitled to a proportionate part so long as she lived. Pub. Sts. c. 136, §§ 24, 25. These provisions were first enacted in 1848, and have been in force since. St. 1848, c. 310. Gen. Sts. c. 97, §§ 23, 24. See also *Towle* v. *Swasey*, 106 Mass. 100; *Adams* v. *Adams*, 139 Mass. 449; *White* v. *Stanfield*, 146 Mass. 424.

The question whether the sum due the executors of Mrs. Gilson's will is a charge upon the land conveyed by the ninth clause of the will may be more conveniently considered in connection with the next clause of the will.

2. Under the second clause of the will, we are of opinion that Lillian Drake is entitled to an annuity of $100 a year during her life; (*Swett* v. *Boston*, 18 Pick. 123; *Brimblecom* v. *Haven*, 12 Cush. 511;) and, in addition, that the sum of $1,000 is to be paid to her from time to time as her necessities may require. The annuity runs from the death of the testator, and may be paid in quarterly or semiannual instalments.

The sum of $1,000, as will appear later, is to be held in trust, and this sum and the accumulated interest are to be paid to Mrs. Drake as her necessities may demand. Being in trust, we are of opinion that the plaintiff is the judge of these necessities, subject to the rule that her discretion is to be exercised fairly.

The question whether the amount to be paid to the executors

of the will of the testator's widow under the first clause of the will, and also the amount to be paid to Mrs. Drake under the second clause, may be paid out of the general assets of the estate, or are to be paid only out of the lands specifically devised to the plaintiff under the ninth clause of the will, is one of some difficulty. It is to be determined by ascertaining the intention of the testator as gathered from the entire will.

The ninth clause devises to the plaintiff " my home place and my meadow lot bought of Jane Pollard after paying the legacy given in article second of this will to my daughter Lillian Drake and also the interest to be paid to my wife mentioned in article first in this will."

Clauses three to eight give certain specific bequests and devises to his sons and daughters. The tenth clause gives the rest and residue of his real and personal estate, to be equally divided between one of his sons and the plaintiff.

We are of opinion that the gift to the testator's wife in the first clause of the will, and the bequest in the second clause are made by the ninth clause of the will a charge upon the home place and meadow lot therein devised to the plaintiff. She is to take these parcels of land " after paying" these legacies. *Taft* v. *Morse*, 4 Met. 523. *Henry* v. *Barrett*, 6 Allen, 500. *Fearing* v. *Swift*, 97 Mass. 413. *Frampton* v. *Blume*, 129 Mass. 152. *Thayer* v. *Finnegan*, 134 Mass. 62, where the cases on this subject are fully considered by Mr. Justice C. Allen. *Amherst College* v. *Smith*, 134 Mass. 543.

It is true that it is stated in the bill and admitted in the answers that the personal estate of the testator according to the inventory is $18,593.38, and the real estate $11,415, so that there are assets sufficient to pay the legacy; but we find no statement as to the value of the parcels described in the ninth clause of the will, nor of the value of the property at the time the testator made the will, more than three years before. The argument of the counsel for the plaintiff, founded upon what is said to be the value of the two parcels in the inventory, can have no effect.

Some question is raised as to whether a trustee should be appointed under the second clause of the will. The eleventh clause of the will, which nominates the plaintiff as executrix,

directs her " to hold in trust the amounts mentioned in one and two of this will for the benefit of my wife and daughter Lillian Drake." It seems to us that the testator intended that the plaintiff should apply to the Probate Court to be appointed trustee of the funds of $2,000 and of $1,000, both of which are a charge upon the estate given her by the ninth clause of the will. There will be no necessity of selling these parcels if she supplies the amount from her own funds.

We do not feel called upon to determine whether the words " said amount " in the gift over to the children of Mrs. Drake apply to the $2,000, or only to such part of the sum of $1,000 as may remain at the death of Mrs. Drake. *Perkins* v. *Stearns,* 163 Mass. 247, 250.

3. By the third clause of the will, the testator gives to his daughter Mary E. Sears a mortgage and note on a certain farm, called the Fletcher farm, for $2,500; and by the fifth clause of the will he gave the use and income of the Fletcher farm above the mortgage given to his daughter, to his son, John E. Gilson, for life, with remainder to his children living at his decease. This mortgage and note were executed by the testator eight years before his death. The daughter was named in the mortgage as mortgagee, and the note was payable to her. The papers remained in the custody of the justice of the peace, who drew them during the life of the testator. Sometime before the testator died he caused to be written upon the note the words " No interest to be paid until after my decease." After the testator's death the plaintiff delivered the note and mortgage to Mrs. Sears, and she had the mortgage recorded, knowing the facts that we have stated.

There is no doubt that no action can be maintained upon the note and mortgage, because they are without consideration. *Parish* v. *Stone,* 14 Pick. 198. *Loring* v. *Sumner,* 23 Pick. 98. *Wilbar* v. *Smith,* 5 Allen, 194. And also because they were not delivered during the lifetime of the testator. *Fay* v. *Richardson,* 7 Pick. 91. *Hawkes* v. *Pike,* 105 Mass. 560. *Shurtleff* v. *Francis,* 118 Mass. 154. *Barnes* v. *Barnes,* 161 Mass. 381. *Meigs* v. *Dexter,* 172 Mass. 217.

The question, however, remains whether enough can be found in the will to show that the testator intended to give to Mrs.

Sears a pecuniary legacy of the amount named. If this bequest had been of the mortgage and note of a third person of the amount named, the legatee would not have been entitled to the amount but only to the note and mortgage, however small might have been their value. *Howe* v. *Bemis*, 2 Gray, 205. *Farnam* v. *Bascom*, 122 Mass. 282, 285. *Johnson* v. *Goss*, 128 Mass. 433, 435.

But where the testator bequeaths his own note, which is invalid for want of consideration or for want of delivery, such note may be considered as a pecuniary legacy. *Loring* v. *Sumner*, 23 Pick. 98. *Wilbar* v. *Smith*, 5 Allen, 194. And such we consider its effect in this case.

Although the mortgage is of no effect, we are of opinion that the amount of this legacy is a charge upon the Fletcher farm. The intention of the testator was clearly expressed that what Mrs. Sears took should be a charge upon this farm.

It follows from what we have said that John E. Gilson takes the Fletcher farm for life, with remainder to his children living at his decease, subject to the charge of the bequest to Mrs. Sears.

*Decree accordingly.*

On settling the decree in this case, it was contended by counsel that the court had not considered the following requests for instructions under clause one of the will: " What sum of money is to be paid to the plaintiff under clause one; shall the same be paid from the residuary fund, or however else shall the same be paid ? " These questions were, by the presiding justice, brought to the attention of the justices who heard the case, and the following opinion was subsequently approved by them.

LATHROP, J. When this case was last before us the questions now presented were not argued and were considered as waived. We have now considered them, and are of opinion that it follows from the decision already made that the plaintiff is not entitled to anything under clause one, except to have her estate exonerated from the charge imposed upon it by clause nine of the will in favor of the testator's widow, when the sum of money found due the estate of the widow is paid.

*Ordered accordingly.*