CHARLES BASSETT, administrator, *vs.* DARIUS M. NICKERSON, JR., executor.

Barnstable.     March 12, 1903. — September 5, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil.    Devise and Legacy.*

A will, after giving certain legacies, contained the following: "I give, devise and bequeath to my niece, S. my present housekeeper, all the rest and residue of my estates, both real and personal that I may die possessed'of, after paying the above named legacies and my funeral expenses and all other debts that I may be owing at my decease (if any) and after the payment of the above named debts and legacies I hereby give her, my said niece, S. full power to do with the remainder of my said estates as she may deem most proper during her natural life." By a codicil the testator gave $500 to the treasurer of a certain cemetery for designated purposes " providing there should be so much remaining or whatever there might be remaining at the decease of my niece S. and the payment of all her funeral and legal expenses are paid." *Held,* that S. took a fee in the real estate and an absolute estate in the personal property, the words as to the power to dispose of the property during her life being superfluous, and that the bequest in the codicil to the treasurer of the cemetery was void as an attempt of the testator to control after the death of S. property which he had given to her absolutely.

APPEAL from a decree of the Probate Court of the County of Barnstable.

The case came on to be heard before *Loring,* J., who at the request of the parties reserved it for determination by the

full court, such decree to be entered as law and equity might require.

The case was submitted on briefs at the sitting of the court in March, 1903, and afterwards was submitted on briefs to all the justices.

*D. M. Nickerson, Jr., pro se.*

*T. H. Armstrong,* for the residuary legatees under the will of Sarah A. K. Turner.

*C. H. Cahoon,* for the heirs at law of Clement Kendrick.

LATHROP, J.   While this case is before us in a very irregular manner, yet as all parties interested although not made parties have filed briefs, and desire the case to be determined on the merits, we proceed to consider the case, first mentioning the irregularities.

The petition is brought by Charles Bassett, as administrator *de bonis non* with the will annexed of Clement Kendrick against the executor of the will of Sarah A. K. Turner, who was the residuary devisee and legatee of Clement Kendrick, and who left a will disposing of all her property.   The principal question in the case is whether Turner took an estate in fee in the real estate and an absolute estate in the personal property, or whether she took only an estate for life with a power of disposal during her life, but without a power of disposal by will. It is obvious in such a case that the petitioner had nothing to do with the real estate unless it was needed for the payment of debts, *Hall* v. *Cogswell,* 183 Mass. 521, and there is no allegation of this, nor did the executor of the will of Turner, the only respondent named, have anything to do with the real estate, unless needed for the payment of debts.   There is also a statement of facts in the case signed by the petitioner and the respondent, but whether this was filed in the Probate Court or in the Supreme Judicial Court does not appear.

The case was reserved for our consideration on the agreed facts, and it does not appear that either the heirs at law of Kendrick or the legatees and devisees under the will of Turner have been made parties.   We proceed to consider the case as if the proper parties were before us, as they have appeared and filed briefs.

By the first two clauses of the will of Clement Kendrick,

dated September 27, 1882, he left to his two brothers John C. and Zemira, $500 each.

The third clause of his will reads as follows: " I give, devise and bequeath to my niece, Sarah A. K. Turner my present housekeeper, all the rest and residue of my estates, both real and personal that I may die possessed of, after paying the above named legacies and my funeral expenses and all other debts that I may be owing at my decease (if any) and after the payment of the above named debts and legacies I hereby give her, my said niece, Sarah A. K. Turner full power to do with the remainder of my said estates as she may deem most proper during her natural life."

The fourth clause of the will appointed Sarah A. K. Turner executrix of the will.

The first codicil to the will was dated June 1, 1891. In it after describing himself as of Chatham, was the following language: " I give and bequeath to the treasurer of the Peoples' Cemetery in said Chatham and to his successors in said office the sum of five hundred dollars, in trust nevertheless (providing there should be so much remaining or whatever there might be remaining at the decease of my niece Sarah A. K. Turner and the payment of all her funeral and legal expenses are paid) to be by said treasurer safely invested and so much of the interest thereof as may be necessary therefor to keep my father's, Josiah Kendrick, my brothers, John C. Kendrick, Henry Kendrick and my own burying lots in said cemetery in good order forever; and if the said interest should be more than is necessary for that purpose, the balance of interest may be used to be put into a fund to be used for the repairs of the fence around said cemetery. Hereby ratifying and confirming my said will as aforesaid except as the same may be altered or changed by this my said codicil thereto."

The second codicil dated August 8, 1894, gave one dollar to the heirs of his deceased brother Tracy, and the same amount to the heirs of his deceased brother Josiah. To his brother John C. if he outlived the testator he left the sum of $100, and expressly cancelled the bequest of $500 made in the will. The same amount was bequeathed to Zemira on the same conditions and the bequest of $500 in the will, was expressly cancelled.

Clement Kendrick died on November 26, 1894. At the time of making his will and at his death his heirs at law were brothers and heirs of deceased brothers. Sarah A. K. Turner was a niece of the testator's wife and not a relation of the testator. She was appointed executrix of the will January 8, 1895. She filed an inventory showing personal estate to the amount of $5,434, and real estate, including the homestead, to the amount of $1,475. In her probate accounts she transferred to herself all the remaining personal estate, after the payment of the testator's bills, and the expenses of administration.

Sarah A. K. Turner died May 8, 1901, leaving a will and codicil, which were duly admitted to probate, and the respondent was appointed the executor of her will. The inventory of her estate shows personal estate to the value of $8,642, and real estate to the value of $2,000. This inventory includes all the property or the proceeds thereof which the testatrix had before transferred to herself from the estate of Clement Kendrick.

The judge of the Probate Court made a decree that Sarah A. K. Turner took a life estate in the residue of the testator's property, with a power to manage the life estate and to expend in her lifetime, for her own use and benefit, so much of the principal as she should deem proper, and that no power to dispose of the property by will was given to Sarah A. K. Turner; that $500 was the maximum amount given in the codicil to the treasurer of the Peoples' Cemetery, and that the words " whatever be remaining " referred to a sum less than $500 ; and that the heirs at law of Clement Kendrick, living at the time of his decease, were entitled to the residue of his property not expended by Sarah A. K. Turner, after payment of the legacies named in the first and second codicils, and the further payment of the funeral and legal expenses of Sarah A. K. Turner. The decree further ordered that the respondent Nickerson, as executor, turn over and deliver to Bassett, as administrator, all the rest and residue of the real and personal estate of Clement Kendrick which was in the hands of his testatrix, Sarah A. K. Turner at the time of her decease.

It seems to us very clear that the heirs at law and next of kin of Clement Kendrick, are entitled to take nothing which is not

expressly given to them by the will as modified by the second codicil. The testator evidently did not intend to die intestate as to any of his property.

Nor can we doubt that under the third clause in the will Turner took a fee in the real estate and an absolute right in the personal property; and that the power to dispose of the property given her during her life, was simply an attempt to add something to that which was already complete. Unless there is a difference between a devise containing words of inheritance and a devise without these words, the case is governed by *Damrell* v. *Hartt*, 137 Mass. 218. In that case a man devised land to his son " to have and to hold the same to him, his heirs and assigns forever; and if he shall die not having disposed of the same " then over. It was held that his son took an absolute estate. See also *Briggs* v. *Shaw*, 9 Allen, 516 ; *Joslin* v. *Rhoades*, 150 Mass. 301.

We consider it as well settled in this Commonwealth that words of inheritance have never been considered as necessary to pass a fee in a will. As long ago as 1651, there was a colony law providing that in deeds and conveyances of houses and lands wherein an estate of inheritance was to be passed, the words " his heirs and assigns forever " should be included, but there was a proviso " that this law shall not extend to houses or lands given by will or testament." 3 Mass. Col. Rec. 222. Anc. Chart. 85. Col. Laws (Whitm. ed.) 32. Whether this law remained in force after the adoption of the Constitution of this Commonwealth, by reason of c. 6, art. 6, is unnecessary to consider, because the will and codicils were made while the Public Statutes were in force. By c. 127, § 24, it is provided: " Every devise shall be construed to convey all the estate which the testator could lawfully devise in the lands mentioned, unless it clearly appears by the will that he intended to convey a less estate." See also R. L. c. 135, § 22. The section in question first appears in the form of law in the Rev. Sts. c. 62, § 4, in this form: " Every devise of land, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate." It first appears as an amendment adopted by the com-

mittees on the report of the commissioners on the Revised Statutes, p. 85.

The rule of law adopted as to the construction of wills made before the Revised Statutes took effect, was that the intention of the testator was to govern, if such intention could be carried into effect consistently with the rules of law, but words of limitation were not considered necessary. *Richardson* v. *Noyes*, 2 Mass. 56. The fact that there is no devise over is an indication that the testator did intend to give a fee. *Baker* v. *Bridge*, 12 Pick. 27, 31. In *Godfrey* v. *Humphrey*, 18 Pick. 537, the language was: "I do give and bequeath to my wife Sarah Thayer, all my real and personal estate of every description, she paying my just debts and legacies." This was held to pass an estate in fee.

In *Parker* v. *Parker*, 5 Met. 134, 138, it is said by Shaw, C. J.: "In the first place, it is apparent, that in the principal devise to the sons, there are no words of limitation; that is, it is not in terms devised to them and their heirs. But as it is a will, and not a deed, which we are considering, we are inclined to the opinion, that if it stood upon that clause alone, it would be sufficient to create an estate in fee simple, without words of limitation — for two reasons; first, because it is a devise of all his real estate; and secondly, because, by another clause in the will, he charges these devisees personally, with the payment of a considerable sum of money to their sisters; which circumstances are regarded, for well known reasons as legal *indicia* of an intent to give an estate in fee. 18 Pick. 537. 8 T. R. 1."

In *Plimpton* v. *Plimpton*, 12 Cush. 458, the testator, by a will made before the Revised Statutes took effect, gave to his wife the "improvement" of his dwelling house during her life, and after his wife's decease he gave the dwelling house to his son. It was held that the son took a fee, notwithstanding there were no words of limitation. See also *Leland* v. *Adams*, 9 Gray, 171.

It thus appears that down to the passage of the Revised Statutes, a fee would pass without words of limitation, and that it made no difference whether these words were contained in the will or not. The statute in question was meant to be a rule of construction. Its language is: "Every devise of land, in any will hereafter made, shall be construed to convey all the estate

of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate."

It is evident that the statute did not intend to apply a stricter rule than had been applied before, or to make words of limitation necessary.   See *Gleason* v. *Fayerweather*, 4 Gray, 348, 350.

In *Willcut* v. *Calnan*, 98 Mass. 75, eight articles of a will made specific devises of land, with the words " to have and to hold the same to him, his heirs and assigns."   The sixth article gave, bequeathed and devised a parcel of land, without these words of inheritance.   There was a residuary clause to the testator's widow.   It was held that the devisee under the sixth clause took a fee.

There is also a class of cases like the case at bar where the testator has given, without words of limitation, all the rest and residue of his estate, and has either given a power to dispose of the same by will or during life, and there has been no remainder over.   In these cases it has been held that the residuary devisee took a fee. *Spooner* v. *Lovejoy*, 108 Mass. 529.   *Todd* v. *Sawyer*, 147 Mass. 570.   *Veeder* v. *Meader*, 157 Mass. 413.   See also *Lloyd* v. *Lloyd*, 173 Mass. 97.

We of course concede that where there is a gift or devise to A. for life with a power of disposition either during life or by a will, with a remainder over, A. takes only an estate for life, coupled with a power, which if not exercised gives effect to the remainder.   *Collins* v. *Wickwire*, 162 Mass. 143.

If the conclusion we have reached is correct that Turner took a fee under the will, the question remains as to the effect of the codicil.   The codicil is to be read with the will as if it formed a part thereof, both speaking the language of the testator at the time of his death.   *Gray* v. *Sherman*, 5 Allen, 198, 199.   *Richardson* v. *Willis*, 163 Mass. 130.   *Kelley* v. *Meins*, 135 Mass. 231.

We do not doubt the power of a testator to change his will in any way that he may see fit.   But to accomplish his purpose he must use apt words, and must comply with the rules of law. If he had simply left $500 to the treasurer of the cemetery corporation, in trust, etc., this well might be considered a legacy

added to his will. But he did not do this. Having given a fee in all his remaining property to Turner, he assumed to exercise control over what she might leave. Such attempts are very common, but have never yet been successful, either by will or codicil.. The rule was laid down as early as 1809, in this Commonwealth, and has never been departed from. *Ide* v. *Ide*, 5 Mass. 500. This was a case of a devise of real estate, where a fee was given to A. and a devise was made to B. in the same will of what A. should leave. The same rule applies to personal estates. In *Merrill* v. *Emery*, 10 Pick. 507, a testator left to his wife one half of all the money he might leave in the house and one half of all the family stores, at that time on hand ; and that one granddaughter should have all the family stores his wife should leave, and that the money remaining in the house at his wife's decease should be divided among his grandchildren. It was held that the gift to the wife being absolute, the limitation over was void. See also for other cases where the attempt is made in the same instrument, *Burbank* v. *Whitney*, 24 Pick. 146 ; *Damrell* v. *Hartt*, 137 Mass. 218 ; *Sherburne* v. *Sischo*, 143 Mass. 439 ; *Joslin* v. *Rhoades*, 150 Mass. 301 ; *Foster* v. *Smith*, 156 Mass. 379 ; *Hunting* v. *Damon*, 160 Mass. 441.

In *Knight* v. *Knight*, 162 Mass. 460, the testator after disposing of six sevenths of the residue of his estate used the following language: "And the other one seventh part I give and devise to my said wife, to be disposed of as she shall think best, but if any part of her said seventh part shall not be disposed of at the time of her decease, then the part of her seventh part remaining undisposed of at her decease shall be equally divided among my said six children." It was held that the widow took the absolute property in the one seventh of the residue of her husband's estate, and not a life estate with power of disposal during her lifetime.

The case of *Kelley* v. *Meins*, 135 Mass. 231, is precisely in point in this case. There the testatrix devised all her property real and personal to her son. The first codicil provided that if her son should die without leaving living issue "then any portion of my said estate and property which may remain shall be equally divided among my sisters and nieces and their female heirs and assigns." It was held that the first codicil, so far as it

attempted to cut down to a life estate what was given absolutely by the will, was void, though it was admitted that had apt words been used in the codicil the result would have been different.

A majority of the court is of opinion that Turner took a fee in the real estate, and an absolute title in the personal property ; and that the first codicil is of no effect.   The decree of the Probate Court must be reversed, and a decree entered in accordance with this opinion.

*So ordered.*