RICHARD H. DANA, trustee, *vs.* RICHARD H. DANA
& others, executors, & others.

Middlesex. December 16, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Devise and Legacy*, Construction, Attending circumstances.

A testator gave to his wife all of his estate "to have, hold and enjoy during her life : with power to change it into any other form of investment that may be deemed by her, beneficial, and to sell and dispose of any or all of it at her pleasure and discretion, whenever she may think it necessary or expedient for her own comfort and happiness, without accountability to any person whomsoever," and then gave the "reversion and residue of my said estate, if any, after my beloved wife's life interest therein, as stated above, is terminated by her decease," to two sisters, the issue of a deceased brother, and a brother in law of the testator. *Held*, that the discretionary power of the testator's widow to expend the principal of the property during her life was unlimited, and that her comfort and happiness for which she was free to use the property included not only physical comfort but mental satisfaction in devoting the money to charitable and philanthropic purposes. *Held, also*, that the fact, that the testator's widow had a private fortune of her own amply sufficient for her support, did not restrict the force of the testator's language. *Held, also*, that, in interpreting the language of the testator, it was proper to consider the extent of his estate, the mode of life in which his family had been reared and the means provided by him during his lifetime for their culture and happiness.

BILL IN EQUITY, filed October 15, 1903, by the trustee under the will of James Greenleaf, for instructions.

The case came on to be heard before *Braley*, J., who at the request of the parties reserved it upon the bill and answers for determination by the full court, such decree to be entered as law and justice might require.

The will of James Greenleaf was dated November 25, 1863, and was proved October 10, 1865. Omitting the attesting clauses and signatures, it was as follows :

"I, James Greenleaf, of Cambridge, County of Middlesex, State of Massachusetts, do make this my last will and testament; disposing of all my estate of whatever nature now owned or hereafter acquired.

"I. I will that all my just debts be paid.

"II. I give to my beloved wife, Mary Longfellow Greenleaf,

all the residue of my estate of every description, to have, hold and enjoy during her life : with power to change it into any other form of investment that may be deemed by her, beneficial, and to sell and dispose of any or all of it at her pleasure and discretion, whenever she may think it necessary or expedient for her own comfort and happiness, without accountability to any person whomsoever.

" III. ˉ The reversion and residue of my said estate, if any, after my beloved wife's life interest therein, as stated above, is terminated by her decease, I give, devise and bequeath absolutely and in fee simple as follows viz. One-fourth part to my sister, Charlotte Kingsman Fuller, now residing in Middletown, Connecticut; one-fourth part to my sister Caroline Augusta Croswell, now residing in Cambridge, Massachusetts; one-fourth part to the children of my brother Patrick Henry Greenleaf equally, to say, to the children of his son Henry Loring, deceased, to his son James Edward, to his son George Herbert, to his son Charles Ravenscroft, to his daughter Henrietta Tracy, and to his daughter Charlotte; and the remaining fourth part to my brother-in-law and lifelong friend Alexander Wadsworth Longfellow now residing in Westbrook, Maine.

" IV. I appoint as executor of this my will, my friend and partner in business, John Appleton Burnham, now residing in Brookline Massachusetts."

*R. H. Dana*, trustee, stated the case.

*E. M. Parker*, for the executors under the will of Mary Longfellow Greenleaf.

*H. R. Bailey*, for Lucia W. Longfellow and others.

*W. N. Buffum & B. E. Eames*, for the executor under the will of Henrietta Tracy Greenleaf Homer, submitted a brief.

BRALEY, J. Under the pleadings in this case, the question presented by the parties for our decision is, whether under the second clause of the will of James Greenleaf, his wife, Mary Longfellow Greenleaf, took only a life interest in the residue of his estate, with a limited power of disposal of the principal, or a life interest therein, with full power, not only to use the income, but also to expend the principal, either in whole or in part, as she might deem advisable for her own personal welfare and enjoyment. The answer is to be sought for and found in

the intention of the testator, which is to be ascertained from the provisions of the whole instrument.

At the date of the execution of the will, it had been settled, that a testator might make a testamentary disposition of his property, in which he could devise and give a life estate with power to sell in the first taker, and a remainder over in any residue that might be left on the death of the life tenant. *Harris* v. *Knapp*, 21 Pick. 412. *Lynde* v. *Estabrook*, 7 Allen, 68. This will may well rest upon the law of these decisions.

His principal purpose was, to make in the first place ample provision for his wife, of whom he speaks in language of affection, and then in clear and sweeping words declares, that after the payment of his debts, she is to take all the residue of his estate, not only to have and to hold, but to enjoy, during her life. She also at her pleasure might change the body of the estate so devised to her into any form of investment that she deemed beneficial, and " sell and dispose of any or all of it at her pleasure and discretion," as she thought necessary " for her own comfort and happiness, without accountability to any person whomsoever." If the testator had stopped here, the language used would have been sufficient to pass a fee. Gen. Sts. c. 92, § 5. *Chase* v. *Chase*, 132 Mass. 473. But he went further, and in the last clause of his will he speaks of the estate created in his wife by the second clause, as " my beloved wife's life interest therein, as stated above," and then declares that the "reversion and residue of my said estate, if any," at her decease, is devised and bequeathed absolutely, and in fee simple, to certain of his relatives who are specifically named.

It would be difficult to employ language to more clearly and concisely express the purpose and intention of the testator, than the words used by him.

He gave to his wife during her lifetime as absolute and ample a power to dispose of the estate devised as would be possessed by an owner in fee. And it has been decided that such a power may be an incident of a life estate, and legally given to a life tenant. *Johnson* v. *Battelle*, 125 Mass. 453. *Welsh* v. *Woodbury*, 144 Mass. 542, 545. *Sawin* v. *Cormier*, 179 Mass. 420.

If it be assumed from the uncertain and indefinite allegations

in the bill, that of the residue and principal of the estate devised to her, a small part of which it is conceded she has spent in her lifetime, an insignificant portion when compared with the whole, was used by her for charitable purposes, the claim of the petitioner as trustee under his will, that the executors of her will must make good such deficit if it can be found, cannot be sustained.

Her power to spend and use the principal was unlimited. She was to enjoy it during her life, at her pleasure and discretion, and she was not required to render to any person an account of her use of the property. That she had a private fortune of her own, amply sufficient for her support, does not change the legal force of the language employed by the testator, or cut down his clearly expressed intention, by making his purpose depend in any degree upon the fact that she possessed a separate estate. No such limitation is imposed by him; neither was it his design to restrict her to the use of only so much of the principal as might be necessary for her comfortable physical support and existence.

The power of disposal given to her was not for this object alone, though undoubtedly it was in the mind of the testator, and is included in the language used by him. But in addition, she was to spend and enjoy it in the largest manner for her happiness, and nothing appears in the record to raise the suggestion, that in her use of the property, Mrs. Greenleaf wished to deplete the estate of her husband, in order to preserve or increase her own.

If through reasons of religion or of benevolence, and for her mental satisfaction, she chose to devote any part of the estate left to her, in aid of either charitable or philanthropic objects, there is nothing in the terms of his will that restricts her from making such use of the principal; and if the testator did not care to confine her discretionary powers, there is no duty incumbent on us to seek for reasons to limit their exercise.

No general rule can be laid down that will be equally applicable to all cases; as what will be sufficient in one case to render the object of a testator's bounty free from anxiety, in providing means of support, by which contentment and enjoyment are secured and conferred, may under other conditions

be wholly inadequate. The language used by the testator, the extent of his estate, the mode of life in which his family have been reared, and the means provided by him in his lifetime for their culture and happiness, are all to be considered. *Lovett* v. *Farnham*, 169 Mass. 1. *Stocker* v. *Foster*, 178 Mass. 591, 599.

It must therefore be held that she took a life estate with a power of disposal in fee, while the devisees and legatees took a vested remainder; though their interest was dependent on the contingency, that the exercise by her of the power conferred might determine their estate. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Kent* v. *Morrison*, 153 Mass. 137, 139. *Barnard* v. *Stone*, 159 Mass. 224, 225.

*Decree accordingly.*