TAMMA A. MARTIN, executrix, *vs.* MERCY FOSKETT & others.

Worcester.     October 3, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.

A will in the handwriting of a testatrix contained the following provision: "To my sister M., I give six hundred dollars for her use during her lifetime after which such part of it as may be left shall be equally divided between my niece A., my nephew R., and my nephew once removed C., the same to be held in trust by my niece T., and given to each of them when she shall think it wise and best so to do." M., the sister of the testatrix, was living with her at the time of her death. *Held*, that the sister, M., took an absolute interest in the $600, and that the attempted gift over was void.

LATHROP, J. This is a bill in equity, filed in the Probate Court for the county of Worcester on November 18, 1904, by the executrix of the will of Eliza Foskett, for the construction of the third clause in the will of that testatrix, which is as follows: " To my sister Miss Mercy Foskett I give six hundred dollars for her use during her lifetime after which such part of it as may be left shall be equally divided between my niece Annie Augusta Foskett, and my nephew Robert Foskett, and my nephew once removed, M. Clifton Martin, the same to be held in trust by my niece T. Amelia Martin, and given to each of them when she shall think it wise and best so to do."

The judge of the Probate Court entered a decree that Mercy Foskett was entitled during her life to the income only of the $600 bequeathed to her by this clause. From this decree an appeal was taken by Mercy Foskett to this court, where it was heard by a single justice, who, at the request of the parties, reserved the case for our consideration.

It appears from an agreed statement of facts filed in this court, that the will was drawn by and was in the handwriting of the testatrix ; and that Mercy Foskett was the sister of the testatrix and at the time of her death was living with her.

The question presented is whether under the third clause of the will Mercy Foskett took an absolute interest or only the income for life.

We have no doubt that Mercy Foskett took an absolute interest in the $600 bequeathed to her, and not merely the income during her life.  It is plain that Mercy Foskett was to have the possession and control of the entire fund during her life ; otherwise a trust would have been created as to the gift to her, as it was as to the limitation over.  We are also of opinion that the limitation over of " such part of it as may be left" was void as repugnant to the first gift.

The case is governed by *Bassett* v. *Nickerson*, 184 Mass. 169, and cases cited.  The case of *Bassett* v. *Nickerson* seems to have escaped the attention of the counsel in the case, as it is not cited on either brief.

The decree of the Probate Court must be reversed, and a decree entered in accordance with this opinion.

*So ordered.*

*E. A. D. Moss*, for Mercy Foskett.
*G. R. Stobbs*, for Annie A. Foskett and others.