CHARLES C. PITTS, trustee, *vs.* DAVID MILTON & others.

Suffolk. March 21, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Trust.*

A will provided as follows : " I give and bequeath to my beloved wife L. all my
real and personal estate wherever situated of which I may die possessed for the
purpose of maintaining herself and our children to her and her heirs forever."
*Held,* that the widow took an absolute devise in fee simple in the real estate of
the testator, and that no trust was created.

BILL IN EQUITY, filed May 15, 1905, by the trustee under the
will of Coffin Pitts, who died in 1871, his will being proved on
October 23, 1871, to establish a trust in a certain lot of land
with the buildings thereon on Belknap Street in Boston, and to
compel a conveyance of the property to the plaintiff to be ad-
ministered under the will of Coffin Pitts free from certain
mortgages.

In the Superior Court the case was heard by *Lawton,* J. The
defendants claimed under David Milton to whom the property
was conveyed on February 26, 1900, by Louisa E. Gilmore,
formerly Louisa E. Pitts, the widow of Coffin Pitts. Louisa E.
Gilmore was the mother of the plaintiff and of Theresa A. Pitts,
and on or about May 7, 1895, conveyed the property to them.
On or about January 11, 1897, Charles C. Pitts, the plaintiff,
and his sister Theresa A. Pitts, both then being unmarried and
of age, reconveyed the property to their mother Louisa E. Gil-
more. The will of Coffin Pitts so far as it appears in the record
is quoted in full in the opinion.

The judge made a decree dismissing the bill with costs to the
defendants. The plaintiff appealed.

*E. F. Leonard,* (*C. C. Pitts* with him,) for the plaintiff.

*W. H. White & M. L. Lourie,* for the defendants, were not
called upon.

BRALEY, J. In the will of Coffin Pitts this provision is found :
" I give and bequeath to my beloved wife Louisa E. Pitts all my
real and personal estate wherever situated of which I may die

possessed for the purpose of maintaining herself and our children to her and her heirs forever," and if by the language used the testator's widow, under whom the defendants derive title, took a fee the plaintiff at the time of bringing suit had no legal or equitable interest to the land described in this bill. At the testator's death his widow and two minor children survived, one of whom was the plaintiff, and as no express trust in favor of either is technically described, if an equitable estate for the benefit of the children was created, it must be found in the words "for the purpose of maintaining herself and our children."

When disposing of his estate he gave all to his wife, and used words of inheritance sufficient to pass a fee in the real property unaided by the provisions of Gen. Sts. c. 92, § 5, which were in force at his death and when the will was admitted to probate. *Smith* v. *Rice*, 183 Mass. 251. It is a rule of construction that ordinarily when a fee is devised the estate of the devisee is not cut down by subsequent language of doubtful import found in other clauses, or in a codicil, but which does not expressly qualify or limit the first devise. *Damrell* v. *Hartt*, 137 Mass. 218. *Bassett* v. *Nickerson*, 184 Mass. 169, 173. The intention of the testator when ascertained must control, and for this purpose the entire clause, which is the only portion of the will appearing in the record, must be considered. *Dana* v. *Dana*, 185 Mass. 156, 158. In stating his general purpose if the qualifying words used had followed instead of preceded the words of inheritance they would not have operated to create a trust for the benefit of the children, for she already had been given an absolute estate, and they can have no greater significance or meaning because interposed before, rather than placed at the end of the sentence. It must be held, therefore, that the widow of the testator, upon probate of the will, became seised in fee of all his real estate. *Spooner* v. *Lovejoy*, 108 Mass. 529. *Aldrich* v. *Aldrich*, 172 Mass. 101.

Under this construction the contention of the plaintiff that the reconveyance by his sister and himself to his mother, who, after they had obtained their majority, conveyed this real estate to them, was for the purpose of again clothing her with the legal title while the equitable title remained in them, ceases to be material. If a trust did not exist under the terms of the will

none was created by the deed of reconveyance, and she again took an unqualified fee, which by mesne conveyances is now vested in the defendant, Appleton. A consideration, therefore, of the other defences is not required.

*Decree affirmed.*