NATHAN P. REED, administrator *de bonis non* with the will annexed, *vs.* NATHAN H. REED, executor, & others.

Middlesex.   December 4, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Devise and Legacy.   Words,* "Property."

The will of a testatrix disposed of her property as follows: "I give, devise, and bequeath to my sister E. all my real estate, and personal property, for and during her natural life: with the privilege of disposing of any, or all, of said real estate, if she should at any time deem it expedient to do so.   At her decease the property to be equally divided as follows: one third to my brother J., or his heirs; one third to my brother F., or his heirs; one third to the children of my lately deceased sister M."   *Held,* that E., the sister of the testatrix, took a life estate with a power of disposal of the real estate during her life, that the other beneficiaries took vested remainders subject to be divested if the power was exercised, and that the word "property" used to describe the residue meant whatever was left at the death of the tenant for life.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on March 20, 1906, by the administrator *de bonis non* with the will annexed of the estate of Sarah Baldwin, late of Billerica, for instructions.

The bill prayed for the construction of the will upon the following questions:

1. Whether or not the personal estate was absolutely bequeathed to Elizabeth C. Baldwin therein mentioned, or whether she took only a life interest therein with power of disposition.

2. Whether or not the devise of the real estate to Elizabeth C. Baldwin was in fee, or whether she was given a life estate with power of disposition thereof.

3. Whether or not the real and personal estate of Sarah Baldwin, remaining at the decease of Elizabeth C. Baldwin, was the property and estate of Sarah Baldwin and should be administered by the plaintiff and accounted for by him as administrator of her estate with the will annexed.

In the Probate Court *McIntire,* J. made a decree that by the terms of the will Elizabeth C. Baldwin took only a life estate in the real and personal property bequeathed to her, with the privilege of disposing of any or all of the real estate during her life,

that whatever of the real estate remained at her decease was the absolute property of those persons to whom it was devised by the will, and that the personal estate should be distributed among the same persons in the proportions named in the will.

Clara B. Reed, one of the defendants, appealed.

The case came on to be heard on appeal before *Sheldon*, J., who at the request of the defendant Clara B. Reed reserved it upon the bill and answer for determination by the full court.

The case was submitted upon a brief by

*F. A. P. Fiske*, for Clara B. Reed.

BRALEY, J.   In her will Sarah Baldwin made this provision: "I give, devise, and bequeath to my sister Elizabeth C. Baldwin, (should she be living at my decease,) all my real estate, and personal property, for and during her natural life: with the privilege of disposing of any, or all, of said real estate, if she should at any time deem it expedient to do so.   At her decease the property to be equally divided as follows: one third to my brother John Baldwin, or his heirs; one third to my brother Francis Baldwin, or his heirs; one third to the children of my lately deceased sister Mary B. Parker, should the minor children (Charles W. or Lucy B. Parker) decease before becoming of age, their share to be equally divided between the others." The questions are whether the legatee and devisee first named took the property absolutely, or only a life estate with a power of disposing of the remainder in the real estate.   It would hardly be possible to conceive of more direct language to express her purpose than that chosen by the testatrix in the first sentence of the clause.   The gift is of "all my real estate, and personal property," and the tenure is "for and during her natural life," coupled with an unlimited power of disposal by deed if the devisee for any reason deemed it expedient to convert the real estate.   A life interest in the estate as a whole having been given with a power to convey, the word "property" in the second sentence should be construed as including whatever might remain at the death of the tenant for life.   Under this construction the limitation over is not repugnant, but consistent with the object of the testatrix, which evidently was to provide for the comfortable support of her sister, even if the whole of the property might be exhausted, but if a residue remained it was to

go to her other relatives in the proportions named. The case, therefore, is not within *Bassett* v. *Nickerson,* 184 Mass. 169, and *Martin* v. *Foskett,* 189 Mass. 368, but is governed by *Whitcomb* v. *Taylor,* 122 Mass. 243; *Johnson* v. *Battelle,* 125 Mass. 453; *Kent* v. *Morrison,* 153 Mass. 137; *Collins* v. *Wickwire,* 162 Mass. 143; and *Dana* v. *Dana,* 185 Mass. 156, 158. If at the death of the tenant for life any of the personalty remained it should be turned over to the petitioner as administrator with the will annexed, and as it does not appear that the realty has been converted, the title which vested at the death of the testatrix has not been divested, and is in the remaindermen, if living, or if dead in their heirs or devisees. *Cushman* v. *Arnold,* 185 Mass. 165. *Dana* v. *Dana,* 185 Mass. 156, 160.

*Decree of the Probate Court affirmed.*