MARY A. FORD *vs.* JOHN W. FORD & others.

Suffolk.    January 20, 1915. — February 26, 1915.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Devise and Legacy.    Trust,* Termination.    *Words,* "Revert."

A testator, who left a widow and one daughter, gave by his will to his widow and to his daughter each one half of the income of all his property "during their joint lives," and, after the death of either, the whole of the income to the survivor, unless before the death of his widow his daughter should die leaving issue, in which event the issue of the daughter was to have her half of the income, "and upon the death of both my said wife and daughter said real, personal or mixed estate shall revert to my next of kin, the persons would have been rightfully entitled to the same had I died intestate." *Held,* that the testator's widow and daughter were his next of kin as defined in this clause and each took at the death of the testator a vested remainder in the property, subject to the life estates, that, upon the death of the widow intestate, the daughter inherited her mother's vested interest and became the absolute owner of the entire estate, and that consequently in a suit in equity she was entitled to a decree declaring the trust to have been terminated and ordering the trustee to transfer and convey the entire property to her. *Held,* also, that the use of the word "revert" did not affect the testator's gift of the vested remainders to those who would have inherited his estate had he died intestate.

BILL IN EQUITY, filed on January 17, 1914, in the Probate Court for the county of Suffolk, by Mary A. Ford, the daughter and only child of Patrick W. Ford, late of Boston, who died on August 11, 1900, leaving a will containing the provisions quoted and described in the opinion, alleging that the plaintiff's mother, who was the widow of Patrick W. Ford, died on May 11, 1913, and praying for a decree terminating the trust created by the will of Patrick W. Ford and ordering the defendant George A. Gray, the trustee under that will, to transfer and convey to the plaintiff all the property in his possession and control as such trustee free and discharged of all trusts, those persons also being made

defendants who would have been the next of kin of Patrick W. Ford if he had died intestate without leaving a wife and child.

The Probate Court made a decree for the plaintiff. On appeal to the Supreme Judicial Court the case was heard by *Loring,* J., who made an order for a decree which concluded as follows: "I am of opinion, therefore, that the mother and daughter had a vested remainder in the property in which the testator had created the life estates to which I have already referred. It being agreed that the mother died intestate, the remainder which the mother had (subject to the life estates) vested in the daughter, and the daughter is now entitled to a conveyance of the *corpus* of the fund." By order of the justice a final decree was entered affirming the decree of the Probate Court with costs. Two of the persons named as defendants appealed.

The case was submitted on briefs.

*J. W. McAnarney & W. H. Travers,* for the defendants.

*S. E. Duffin,* for the plaintiff.

CROSBY, J. The testator by the third clause of his will provided as follows: "All my estate whether real personal or mixed, and wherever the same may be situated I give, devise and bequeath to my wife Elizabeth A. Ford and my daughter Mary A. Ford, of the County and State aforesaid, duly during their joint lives, in equal shares, and after the death of either of them the survivor to become sole legatee unless my daughter should die first leaving issue, in which event if my wife be still living one half of the income of said property shall be paid to her during her life and the other half to the issue of my said daughter in equal shares and upon the death of both my said wife and daughter said real, personal or mixed estate shall revert to my next of kin, the persons would have been rightfully entitled to the same had I died intestate."

Under this clause of the will, the testator first gave a life estate to his widow and to his daughter during their joint lives, and after the death of either the survivor was to take the whole of the income unless before the death of the mother the daughter died leaving issue, in which event the issue of the daughter was to have the income to which their mother would have been entitled during her lifetime.

So far this provision of the will relates only to income. The

testator then provided: "And upon the death of both my said wife and daughter said real, personal or mixed estate shall revert to my next of kin, the persons [who] would have been rightfully entitled to the same had I died intestate."

Having disposed of the income in the manner provided in the will, he gave the principal of the estate to his next of kin, that is, to those persons who would have inherited his estate had he died intestate.

Under the decisions of this court it is well settled that heirs or next of kin are to be ascertained as of the time of the testator's decease, unless a different intent is plainly manifested by the will. *Welch* v. *Blanchard,* 208 Mass. 523.

The mother and daughter had a vested remainder in the property in which the testator had created the life estates. The use of the word "revert" does not affect the validity of the gift to those persons who would have inherited at the death of the testator if he had died intestate.

It follows that upon the death of the testator's widow the trust was terminated, and as she died intestate the one half interest in the remainder which she took (subject to the life estates) became vested in the daughter, who upon her mother's death became the absolute owner of the entire estate and she is now entitled to have it transferred and conveyed to her. *Bassett* v. *Nickerson,* 184 Mass. 169.

Accordingly the decree of the single justice must be affirmed.

*So ordered.*