EDYTHE M. KEMP & another, executors, *vs.* EDYTHE M. KEMP & others.

Middlesex.    December 1, 1915. — February 12, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* What estate.    *Tax,* On legacies and successions.

By the first article of his will, a testator gave to his wife the use of and income from all of his estate "for her support, comfort and enjoyment, and for any other purpose as she in her judgment may deem necessary," and further provided that, if the income in her judgment should be insufficient for her support, comfort and enjoyment, "or for any other purpose for which she may wish to spend money," she should have power to sell "any of my estate, real, personal and mixed," and to spend the proceeds arising from such sale for her support, comfort and enjoyment, and for any purpose for which she may wish to spend money, "and to convey and transfer by deed or other instrument in her own name for the above named purpose or for investment." By the next article of the will, the remainder undisposed of at the death of the widow was given to others. *Held,* that the estate received by the widow under the will was a life estate, and that an inheritance tax due to the Commonwealth should be computed accordingly.

BILL IN EQUITY, filed in the Probate Court on October 29, 1915, by the executors of the will of Horace G. Kemp, late of Cambridge, for instructions "as to the proper basis upon which to compute the inheritance tax due the Commonwealth of Massachusetts."

In the Probate Court a decree was entered that the estate given to the testator's widow Edythe M. Kemp was a life estate with a power of disposal to the extent set forth in the will; and that those named in Article 2 of the will took an estate in remainder subject to its being divested by an exhaustion of the estate, for the purposes mentioned in Article 1, by the life tenant in the exercise of good judgment and sound discretion; and that the inheritance tax due the Commonwealth was to be computed accordingly.

The widow appealed, and the case was reserved by *Braley,* J., for determination by the full court.

*E. B. Church,* for the executors, stated the case.

*H. R. Bailey,* for the widow Edythe M. Kemp.

The following counsel were not called upon:

*W. H. Powers,* for Lysander S. Kemp.

*W. Powers,* guardian *ad litem* of Erford C. Kemp and of persons unascertained or not in being.

*A. T. Smith,* for the children of Lucyann Nowell.

*W. H. Hitchcock,* Assistant Attorney General for the Treasurer and Receiver General.

CARROLL, J.  In the first article of the will of Horace G. Kemp, he gave to his wife the use of and income from all of his estate, "for her support, comfort and enjoyment, and for any other purpose as she in her judgment may deem necessary." If the income should be insufficient, in her judgment, for her support, comfort and enjoyment, " or for any other purpose for which she may wish to spend money," the power was given her to sell "any of my estate, real, personal and mixed," and to spend the proceeds arising from the sale for her support, comfort and enjoyment, or for any purpose she may wish to spend money, "and to convey and transfer by deed or other instrument in her own name for the above named purpose or for investment."

In Article 2, the remainder undisposed of at the death of Mrs. Kemp was given in equal shares to the children of his wife, the children of his sister and the children of his brother.

If Mrs. Edythe M. Kemp, the widow, became the owner in fee simple of the real estate and the absolute owner of the personal property under her husband's will, then, as stated in the bill, the inheritance tax will be at the rate of two per cent. If the children of Mrs. Kemp, and of his brother and his sister, take future interests, the tax will be at the rate of six per cent upon their respective shares.

If the will gave to Mrs. Kemp the unqualified title to the estate, with full power to dispose of it, so that she has an estate in fee simple in the real estate and absolute ownership of the personal property, this title is not to be cut down or taken away by inconsistent language imposing a limitation thereon. *Ide* v. *Ide,* 5 Mass. 500. *Collins* v. *Wickwire,* 162 Mass. 143. *Joslin* v. *Rhoades,* 150 Mass. 301. *Kelley* v. *Meins,* 135 Mass. 231. *Pitts* v. *Milton,* 192 Mass. 88. See *Whitman* v. *Huefner,* 221 Mass. 265.

The will gave to Mrs. Kemp the use of and income to be derived from the property, with a gift over of all that remains undisposed of at her death. No words of inheritance are used and the power given her is a power to sell for "her support, comfort and enjoyment, or for any other purpose for which she may wish to spend money," and "for investment." The power is "to sell . . . and

to convey and transfer by deed or other instrument." A power thus limited, as stated by Field, C. J., in *Kent* v. *Morrison,* 153 Mass. 137, 139, "by implication, excludes any power of conveying the property by will, and such a restriction upon the power of disposition is inconsistent with an estate in fee simple."

In *American Baptist Publication Society* v. *Lufkin,* 197 Mass. 221, the testator gave to his wife the residue of his estate to use and dispose of as she might think best for her interest and comfort, with a remainder over. She was not limited to a sale of the estate. She could use and dispose of it as she thought best for her comfort and use, and although the power was broad enough to permit her to dispose of the estate by will, if for her best interest and comfort, it was decided that her estate was one for life. In *Hoxie* v. *Finney,* 147 Mass. 616, the will gave the use and income with a right to use all, if deemed necessary for the widow's support and comfort, with the right to sell and dispose of the whole or any part, with a gift over of what remained. She was held to have an estate for life in the premises, with power to sell at her discretion. See also *Baker* v. *Thompson,* 162 Mass. 40, where the devise was to the wife, for her support and the support of a child, with the power to sell and dispose of the estate as she might deem best. Even under this language she did not take an estate in fee, but only an estate for life. *Ware* v. *Minot,* 202 Mass. 512. *Dorr* v. *Johnson,* 170 Mass. 540. *Dana* v. *Dana,* 185 Mass. 156.

In *Bassett* v. *Nickerson,* 184 Mass. 169, cited in the appellant's brief, "all the rest and residue of my estates" was given to Sarah A. K. Turner, with "full power to do with the remainder of my said estates as she may deem most proper during her natural life." There was no remainder over, but in a codicil there was bequeathed $500, provided so much remained at the death of Sarah A. K. Turner, "and the payment of all her funeral and legal expenses are paid." In the second codicil the first codicil was cancelled and after certain legacies, a legacy of $500 was given by the testator to his brother, subject to the same conditions stated in the first codicil. Sarah A. K. Turner took a fee in the real estate and absolute ownership in the personal property, the opinion stating that the power to dispose of the property during her life was merely an attempt to add something to that which was already complete.

In the case at bar the use and income is given to Mrs. Kemp. This use and income is given primarily for her support and comfort, but also for any other purpose she may deem necessary. There is a gift over. Her power of disposal is only in the event of the income being insufficient. Her power is limited to a sale and to a conveyance and transfer by deed or other instrument, for the purposes mentioned in the will. The case of *Martin* v. *Foskett*, 189 Mass. 368, was a case where a legacy of $600 was given to a sister "for her use during her lifetime," with a gift over in trust. This court said the sister took an absolute interest in the $600 and not merely the income during her life; she was to have possession and control of the fund, the limitation over was void as repugnant to the gift, citing *Bassett* v. *Nickerson, supra.*

*Galligan* v. *McDonald,* 200 Mass. 299, decides that where real property is devised to one and his heirs forever, a fee is granted. A limitation over on the death of the devisee is inconsistent with the grant, and void.

*Burbank* v. *Sweeney,* 161 Mass. 490, involved the right of a devisee to dispose of property by will where the estate was given for life to the devisee, with remainder over of portions to nephews and to charity, the residue to her, "to dispose of as she may deem expedient, but in the event that she should make no disposition of the same during her lifetime, I give the remainder of my estate not disposed of as above to my heirs at law." By the terms of the will the tenant had the power of disposal by will as well as by deed.

The appellant also relies on *Chase* v. *Chase,* 132 Mass. 473. It is plainly distinguishable from the case at bar. That case decides that, an unqualified gift of the use and income of personal property with no gift over vests an absolute interest in the donee. See *Bragg* v. *Litchfield,* 212 Mass. 148.

We find nothing in *Bullard* v. *Chandler,* 149 Mass. 532, to conflict with what is here stated.

Decree of the Probate Court affirmed.

*So ordered.*