MAURICE B. PHIPPS & another *vs.* CAMPBELL BOSSON.

Norfolk.    January 12, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Trust,* Construction of trust instrument.

A testatrix by her will provided as follows: "All the rest and residue of my property, real and personal, I give, devise and bequeath to my . . . sister . . . to have and to hold for her natural life, she receiving and enjoying the income therefrom as long as she shall live; and upon her decease I give, devise and bequeath . . . three-quarter parts thereof to . . . [trustees] . . . in trust to keep the same safely invested at their discretion and to manage and care for the same and collect and receive the income arising' therefrom and after discharging needful expenses thereon to pay over one-third part of the net income from said property as often as semi-annually to each of my [three] grand-nephews . . . for ten years next following my decease; and thereupon to transfer and pay over to each of them one-third part of the principal of said trust property with any accretions thereto belonging, to be held by them thereafter absolutely. Provided that if either of said grand-nephews should decease during said ten years his share of said income and principal shall thereafter be paid over by said trustees as directed by his last will and testament, and should he die intestate then to his

heirs-at-law." The sister died within ten years from the death of the testatrix. Two of the grand-nephews who survived sought by bill in equity to compel the trustees to convey the trust property to them forthwith. *Held,* that

(1) Although the expression by the testatrix of her intention was not logically perfect, her intention was clear that, if her sister died within ten years of her death, the grand-nephews for the remainder of the ten years should receive income only;

(2) The bill should be dismissed.

BILL IN EQUITY, filed in the Probate Court for the county of Norfolk on June 2, 1922, by beneficiaries under a trust created by the will of Sarah C. Phipps, late of Brookline, against the trustees, seeking an immediate transfer of the trust property to them.

Material provisions of the trust are described in the opinion. By order of *Flint,* J., the bill was dismissed. The plaintiffs appealed.

*J. W. Morton,* for the plaintiffs.

*S. Johnson, (G. S. Pratt* with him,) for the defendant.

BRALEY, J. The testatrix by the tenth or residuary clause of her will made this provision, "All the rest and residue of my property, real and personal, I give, devise and bequeath to my said sister Abby A. Wyman to have and to hold for her natural life, she receiving and enjoying the income therefrom so long as she shall live; and upon her decease I give, devise and bequeath one-quarter part thereof to said Horace J. Phipps [a nephew] absolutely, and three-quarter parts thereof to said Horace J. Phipps and Calvin P. Sampson in trust to keep the same safely invested at their discretion and to manage and care for the same and collect and receive the income arising therefrom and after discharging needful expenses thereon to pay over one-third part of the net income from said property as often as semi-annually to each of my grand-nephews, Benjamin K. Phipps, Maurice B. Phipps and Alfred G. Phipps for ten years next following my decease; and thereupon to transfer and pay over to each of them one-third part of the principal of said trust property with any accretions thereto belonging, to be held by them thereafter absolutely. Provided that if either of said grand-nephews should decease during said ten years his share of said income and principal shall thereafter be paid over by said trustees as directed by his last will and testament, and should he die intestate then to his heirs-at-law."

The beneficiary for life Abby A. Wyman having died since the allowance of the will, Maurice B. Phipps and Benjamin K. Phipps ask to have the trust terminated and the trustees ordered to pay the principal to them. It is settled that where nothing remains to be done to effectuate the objects and purposes for which a trust is created it can on proper proceedings be terminated. *Sears. v. Choate,* 146 Mass. 395. It is urged in substance by the plaintiffs, that the testatrix having provided at the death of the tenant for life one quarter should vest absolutely in her nephew Horace J. Phipps and the remaining three quarters should be held in trust, and one third of the income "as often as semi-annually" paid "to each of my grand-nephews Benjamin K. Phipps, Maurice B. Phipps and Alfred G. Phipps," who has died since the allowance of the will, the words "for ten years next following my decease" are repugnant, as during this period the entire income would be payable to Abby A. Wyman, and therefore at her death the trust determined and the principal at once became payable to the plaintiffs. *Bassett* v. *Nickerson,* 184 Mass. 169. But even if her meaning may not be logically perfect, we are of opinion that the testatrix intended that if Abby A. Wyman died within the period of ten years next succeeding her death, of which any portion was outstanding, the one quarter share should vest in possession, and the income from the three quarters should thereafter be paid to the beneficiaries named until the end of the term. If however the life tenant survived for ten years as designated, or more, the trust became inoperative and the property was to be held absolutely. *Reed* v. *Reed,* 194 Mass. 216. While the date of the death of Abby A. Wyman does not appear, we assume from the briefs of counsel that the limitation was in force at her decease, and had not expired when the bill was filed. The decree of the court of probate dismissing the bill is affirmed, with costs in the discretion of the judge of that court to be taxed on the fund as between solicitor and client.

*Ordered accordingly.*