DONALD S. PAGE & another, executors, *vs.* ALBERT N.
PAGE & others.

Middlesex.   November 16, 1926. — February 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Devise and Legacy*, Vested interest.   *Joint Tenants and Tenants in Com-
mon.   Words,* "Or."

A testator was survived by two daughters and two sons.   His will stated:
"I devise, will and bequeath to my daughters . . . equally, my house
and homestead . . . .   The house to be kept by them as a residence
and in case of the death of either, the same to revert to the other during

her lifetime. As I desire that said house and homestead, be retained in the family so long as any of them desire and are able to occupy it . . . . At the death of my two daughters, the said homestead to revert to my two sons equal, or in the case of the death of either, to the survivor or his heirs. Circumstances may occur which may render it necessary or advisable to sell the place, in which case . . . the proceeds I desire to be invested . . . for the benefit of my daughters; and at their death the principal to revert to my sons or their heirs." Following the death of both daughters, one of the sons died leaving his brother surviving, and by his will, after pecuniary legacies, he gave all the rest, and residue of his property to his wife. *Held*, that

(1) The will created a life tenancy in the two daughters and the survivor of them with a vested remainder in the two sons which was not affected in any respect by the death of one son after the death of the testator and his two daughters;

(2) The use of the word "or" after the devise to the sons showed the intention of the testator to create a tenancy in common rather than a joint tenancy;

(3) The title to one undivided one half interest in the homestead property was in the deceased son at the time of his death and by his will passed to his widow. .

PETITION, filed in the Probate Court for the county of Middlesex on January 15, 1926, by the executors of the will of Daniel S. Page, late of Malden, seeking instructions "for the purpose of determining the amount of inheritance tax that they should pay, as to the ownership of" an undivided one half interest in real estate formerly of Philip S. Page, which the widow of Daniel S. Page, the petitioner's testator, contended belonged to him at his death and passed to her by his will.

Answers were filed by Mary E. Page, the widow of Daniel S. Page, by Albert N. Page, and by the commissioner of corporations and taxation. The petition was heard on the petition and answers by *Leggat*, J., by whose order a decree was entered "that said Daniel S. Page at the time of his death was the owner of an undivided half interest in the homestead estate of said Philip S. Page situated on Pleasant Street, Malden, and being the real estate described in paragraphs two and three of the will of said Philip S. Page." Albert N. Page appealed.

*C. F. Lovejoy*, for Albert N. Page.

*A. H. Wellman*, for Mary E. Page.

BRALEY, J.   The testator, Philip S. Page, died January 11, 1890.   He was survived by two daughters and two sons, Daniel S. Page and Albert N. Page.   By the second and third clauses of his will, which has been admitted to probate, he made the following devise and bequest: "I devise, will and bequeath to my daughters, Mary C. Shapleigh, and Valeria S. Page, equally, my house and homestead situated on Pleasant Street, City of Malden.   I also give them all the furniture, books, pictures, and other articles contained in and pertaining to the homestead.   Also my horse, cows, carriages, sleighs, etc.   The house to be kept by them as a residence and in case of the death of either, the same to revert to the other during her lifetime.   As I desire that said house and homestead, be retained in the family so long as any of them desire and are able to occupy it. . . . At the death of either of my daughters if the survivor cannot — for any cause or does not desire, to occupy the house the same may be rented, and she receive the rent, or income, after paying the taxes, or other expenses for repairs, etc.   At the death of my two daughters, the said homestead to revert to my two sons equal, or in the case of the death of either, to the survivor or his heirs.   Circumstances may occur which may render it necessary or advisable to sell the place, in which case the consent of all the surviving children and their signature to the deed or release must be obtained to perfect the title, and the proceeds I desire to be invested in some good productive mortgages, or bonds, for the benefit of my daughters; and at their death the principal to revert to my sons or their heirs."

The daughters died prior to the death of Daniel S. Page. He died on November 12, 1925.   The petitioners, one of whom is the widow, are executors of the will of Daniel S. Page.   By his will, after pecuniary legacies to his children, he devised and bequeathed the rest and residue of his estate to his wife, Mary E. Page, if living at the time of his death. It is contended by the respondent, Albert N. Page, that Philip S. Page intended that the homestead ultimately should go to the surviving son or his heirs, and that, his sisters and brother having died, he is entitled to the property.

The will created a life tenancy in the two daughters and the survivor of them with a vested remainder over in the two sons which was not affected in any respect by the death of one son after the death of the testator and his two daughters. *Bassett* v. *Nickerson*, 184 Mass. 169. The use of the word "or" after the devise to the sons also shows the intention of the testator to create a tenancy in common rather than a joint tenancy. *Brimmer* v. *Sohier*, 1 Cush. 118. The result is that Daniel S. Page was seised of one undivided half of the homestead, and the decree of the court of probate so holding is affirmed.

*Ordered accordingly.*