CHARLES H. ROLLAND *vs.* ROBERT B. HAMILTON & others.

Essex.   April 7, 1943. — May 25, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Devise and Legacy,* Life estate, Creation of trust.   *Trust,* Express trust: what constitutes.

A devise of real estate "to my daughter . . . and at her death . . . the property shall be sold and the proceeds shall be equally divided between my two sons" gave the daughter a life estate only, with a remainder in fee to the sons.

No trust was created by a will containing various outright bequests and a devise of real estate to a life tenant with a direction that at his death the property should be sold and the proceeds divided among named persons, although at the end of the will was an appointment of a bank as "trustee of my said estate."

PETITION, filed in the Probate Court for the county of Essex on June 29, 1942.

The case was heard by *Costello,* J.

*E. J. Garity,* for the petitioner and another.

*I. Bloch,* for the respondent Hamilton and others, submitted a brief.

LUMMUS, J.   This is a petition in the Probate Court for partition of land in Lynn among alleged tenants in common. A decree was entered ordering partition by sale and distribution between James B. Rolland, Jr., (sometimes called

James B. Rolland,) and Charles H. Rolland, each owning one half. The heirs of Catherine Margaret Hamilton, who died on November 4, 1941, appealed.

The case depends upon the will of James B. H. Rolland, who died on November 2, 1926, owning the land. The material parts of his will were as follows: "First, I give and divise [*sic*] the house and land known as my home estate at #9 Raddin Street, Lynn, Massachusetts, to my daughter, Mrs. Catherine Margaret Hamilton, and at her death all the said Real Estate and all the property shall be sold and the proceeds shall be equally divided between my two sons, James B. Rolland and Charles H. Rolland. . . . Eight, I nomiate [*sic*] and appoint my Son, James B. Rolland, executor of this my last Will, and I direct that no Surety be required for his official bond as executor. I appoint the Manufacturers National Bank, a banking institution in Lynn, County of Essex, Massachusetts, and its successors, trustee of my said Estate, and I direct that it be exempt from giving a Surety or Sureties on its bond." The other bequests, not recited above, were of stock, bonds, money in banks, and pecuniary legacies. None of them was in trust.

The words used in the devise to Catherine Margaret Hamilton, were capable, without any words of inheritance, of passing a fee simple. G. L. (Ter. Ed.) c. 191, § 18. *Bassett* v. *Nickerson*, 184 Mass. 169, 173–175. But the statute recognizes that a less estate may pass where "it clearly appears by the will, that he [the testator] intended to convey a less estate." In *Bramley* v. *White*, 281 Mass. 343, 346, 347, it is said, "Although words of inheritance are not necessary to create an absolute estate by will . . . and it is not essential that the words 'for life' or their precise equivalent be used in order to create a life estate . . . , in the absence of words of either sort descriptive of the quantity of an interest given, a testator's intent must be determined by construction." In the present case the testator provided in one sentence and one breath (*Frost* v. *Hunter*, 312 Mass. 16, 21) that the house shall go to Catherine Margaret Hamilton and at her death to his sons. It

seems clear that he intended to give her only a life estate, with remainder in fee to his sons.

Reported cases support this construction. In *Ware v. Minot*, 202 Mass. 512, the testatrix gave the residue of her estate, including the real estate in question "to my said son, Richard." The next paragraph began as follows: "If the said Richard shall not survive me, or if he shall die leaving no will duly executed by him, or if he shall die leaving no lineal descendants, then in that case it is my wish, and I so direct, that it, the property above mentioned, shall at my son's death pass in equal shares to my nieces, daughters of my late sister . . . ." It was held that by implication the lineal descendants of the son were to take, and that he was to have the power to dispose of the property by will; but that in default of a will and such descendants the nieces should take. The son had only a life estate, it was held.

In *Schmaunz v. Göss*, 132 Mass. 141, the testator gave a quarter of his estate, including the real estate in question, to four persons, one of whom was his sister Magdalena Schubert, in equal shares, and then provided as follows: "I hereby direct that the portion which my sister Magdalena Schubert receives from what I leave shall fall after her death to the children of her deceased son Erhard Schubert, and shall be left behind by my sister Magdalena to these said children of Erhard Schubert." Magdalena Schubert died, leaving a will in which she gave nothing to the children of her deceased son Erhard. It was held (pages 143, 144) that the language of the will was distinct and clear, "and plainly restricts her interest in the real property devised to her to an estate for her life, with a vested remainder in fee in the children of Erhard Schubert."

In *Kemp v. Kemp*, 223 Mass. 32, the testator gave his wife the use of and income from all his estate, for her support, comfort and enjoyment and for any other purpose as she in her judgment might deem necessary, with power to sell any of the property to raise money to spend for any of the purposes mentioned, but with remainder over of all that she might not dispose of. It was held that the gift

over was valid.   See also *Dallinger* v. *Merrill*, 224 Mass. 534.

In *Temple* v. *Russell*, 251 Mass. 231, the testatrix gave to one Russell "my estate, at No. 20 Brooks Park, in said Medford, Massachusetts, together with all goods, chattels, and personal property about my home, to hold and dispose of as he desires or deems best. . . . It is also my will and wish, that at the death of the said Austin E. Russell, or at any time he may so arrange, the above mentioned property may be given to the 'Society for the Prevention of Cruelty to Animals', in Boston." It was held that Russell did not take an absolute and unqualified estate of inheritance, but that the gift over was valid.

In *Bramley* v. *White*, 281 Mass. 343, the testator gave to his wife "all my real and personal property, meaning that all my possessions I leave to her. At her death I request that what remains be devided [*sic*] equally among my three children." It was held that the wife took only a life estate.

In *Cotton* v. *Danville*, 301 Mass. 380, the testatrix gave all the residue of her estate to her sister, Salina, for life, with the right to use both the principal and income thereof for her maintenance, travel and personal comfort and pleasure, at her own absolute discretion. But provision was made for the disposition of "any property of my estate" remaining at the decease of the sister, not disposed of by her. It was said (page 385), "We are of opinion that Salina took a life estate in the property involved, with a power of spending and consuming the principal in addition to the income during her life."

The case is distinguishable from *O'Reilly* v. *Irving*, 284 Mass. 522, where the gift over was separated by a number of paragraphs from the gift to the first taker; from *Knight* v. *Knight*, 162 Mass. 460, and *Bassett* v. *Nickerson*, 184 Mass. 169, where the first taker was given full power to do with the property as she might deem proper; and also from *Davis* v. *Davis*, 225 Mass. 311, which is particularly relied on by the appellants. In that case the will read: "I give and bequeath to my beloved wife Caroline E. Davis my entire estate, real and personal and at the decease of my

said wife, if I leave no issue, the residue to my legal heirs." The use of the word "residue" plainly implied an absolute power of disposal in the wife. It was held that the wife took a fee simple which could not be cut down by any gift over.

We have dealt with the case on the assumption that legal estates, and not equitable ones, are involved. Neither party argues to the contrary. But the will appoints the Manufacturers National Bank "trustee of my said Estate." There is no room for any trusteeship unless it be with reference to the real estate in question. It might be contended that the provision for the sale of the real estate and the division of the proceeds contemplated the interposition of a trustee. Only a legal estate is the subject of partition (G. L. [Ter. Ed.] c. 241, § 1, *Devine* v. *Deckrow*, 299 Mass. 28, 33), and if there is a trust this proceeding cannot be maintained. But no words of trust are used in the devise in question. To find a trust one must go to the end of the will, and then no reference to the real estate in question can be found. The provision for sale and division of the proceeds can be satisfied by a sale made voluntarily by the sons or by a sale upon partition. It does not appear that any trustee was ever appointed or ever acted. Catherine Margaret Hamilton "occupied the said real estate until her death." On the whole we think that the devisees took legal estates, and that the real estate was not in trust.

*Decree affirmed.*